## Kroger Grocery & Baking Co. v. Bartle.

(Decided Oct. 13, 1933.)

HERMAN COHEN for appellant.

MICHAEL M. HELLMANN and JOSEPH HANCOCK for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and defendant below, Roy W. Bartle, while employed by appellant and plaintiff below, Kroger Grocery & Baking Company, in one of its warehouses in Louisville, Ky., was injured. The parties were operating under the provisions of our Workmen's Compensation Act (Ky. St., Sec. 4880 et seq.), and, insisting that his injuries arose "out of and in the course of his employment," defendant made application to the Workmen's Compensation Board, and prayed that it hear the application and grant "such relief as the said applicant may be entitled to in the premises." At a hearing before a single member of the board, following the filing of the application, he found "that the plaintiff (defendant herein) sustained the hernia complained of while in the employ of the defendant," and then directed that "The defendant is ordered to offer plaintiff a radical operation for hernia. If the plaintiff accepts said operation, the defendant will pay said plaintiff the sum of $11.70 per week for his temporary total disability following the operation. The defendant will also pay hospital, doctors and medical bills not to exceed the sum of $200.00 and the case is left open for further observation and orders of the Board."

Plaintiff then applied for and obtained a hearing before the full membership of the board, and it sustained the finding and the order of the single member. Plaintiff then filed this action in the Jefferson circuit court for a review, and in its petition therefor it alleged and complained: (a) That the board erred in finding that the defendant sustained the injuries while in the employ of the plaintiff; (b) that it erred in not setting out its finding of fact; (c) that it erred in its finding of fact that defendant's hernia was produced by an accident happening in the course of or growing out of his employment by plaintiff; (d) that it erred in directing the "radical operation" contained in its order, because more than 90 days had expired from the date of the alleged injuries and no order of the board extending the time beyond that period had ever been made; and (e) that the board is without power and authority to direct such an operation, unless application therefor is made to it by the injured employee within 90 days after the happening of the injury, or within an extended period made by the board upon application therefor. The trial court disallowed many of plaintiff's complaints

and affirmed the judgment of the board supra, and dismissed plaintiff's petition, from which it prosecutes this appeal.

Complaint (e) is substantially the same in all material respects as complaint (d), and we will confine our discussion only to the first four complaints (a), (b), (c), and (d). In disposing of complaint (a) it becomes necessary to state the facts as testified to by defendant himself, and who was the only witness introduced as to how his injuries were produced. He testified that at the immediate time "I was carrying a bunch of paper sacks, I guess weighing about 150 pounds, and I was hit in the back with another one, and just fell like something dropped on me." He afterwards explained that in carrying the 150 pounds of weight on his shoulder he passed by a stack of such packages and in some way one of them fell from the top of the stack onto the one he was carrying, which threw him flat on the floor with both sacks upon him and from which he sustained the strain in the lower part of his abdomen, followed within a day or so thereafter by a small knot in his groin, which afterwards proved to be hernia. The medical witnesses, including the physician to whom defendant submitted himself, testified, in substance, that while hernia was not usually an affliction of sudden appearance, yet there are many instances where it would suddenly develop and appear, and especially so as a result of the character of strain, and the manner of infliction, as described by defendant, the injured employee. The testimony of such professional witnesses alone was amply sufficient to sustain the finding of the board that the hernia was the result of the accident. But that finding was supported by the testimony of defendant, that prior to the accident he was entirely free from such developments, and from the resulting hernia. If, however, there was less evidence to sustain the finding of the board (criticized in this complaint), there was certainly some evidence to sustain it, and under the statute, which has been followed in a number of cases in this court, no reviewing court may set aside the findings of fact by the board when there is any proper evidence to sustain it. We therefore conclude that this complaint is without merit.

Complaint (b) is without support, since the board found "that the plaintiff sustained the hernia com-

plained of while in the employ of the defendant." We do not know how it could have made its finding more explicit. But, however that may be, counsel for plaintiff in his brief filed in this court makes the statement: "The questions of fact in this case are not disputed." Perhaps counsel in making that statement did not intend to admit that the resulting hernia was a consequence of the injury sustained by defendant, the employee, but his admission is broad enough to embrace that decisive issue. If, however, we should exclude that apparent admission of counsel as not embracing such fact, we then find that the testimony heard before the board, and which was the same as that heard in the circuit court, amply supported the finding of that fact, and for which reason this complaint is also without merit.

Complaint (c) has already been disposed of in our treatment of complaint (b), and it will not be again repeated. Complaint (d), as well as complaint (e), but which we have eliminated in the manner above, is bottomed upon a false interpretation and construction of the sections of the statute involved, which are 4883 and 4884, of our present edition of the Statutes. The latter section was not in the original Workmen's Compensation Act when first enacted, but the former was section 4 of that act, and section 4884 was an amendment enacted in 1924 (chapter 70, page 171 of the session acts of that year) and incorporated as section 4a in the original act. They will be referred to as designated in the published Statutes. Counsel for plaintiff interprets section 4883 as requiring the surgical treatments therein referred to, to be furnished or provided by the employer only within 90 days from the date of the accident, and that he or it cannot be compelled by any order of the board to provide for surgical treatment, except upon application therefor, made within that period, unless the time is extended by the board upon due application therefor. That section provides the maximum fee that the employer could be compelled to pay for such surgical operation, or treatment, at $100, unless the board increased that amount to $200 upon due application made for such purpose. In this case there was no such application made to the board. That section not making specific reference to "hernia," the Legislature enacted the 1924 act, now section 4884 of the Statutes, so as to

expressly cover that specific injury, and fixed the maximum cost of the operation that the employer was compelled to provide at a maximum fee of $200. It, in part, says: "In all cases where liability for compensation exists, the employer *shall* provide competent surgical treatment by radical operation, the limits of benefits payable under section forty-eight hundred and eighty-three hereof being increased to two hundred ($200.00) in such cases, if the operation is performed." (Our italics.) Section 4883, in connection with which section 4884 should be read, so far as applicable, says: "In addition to all other compensation herein provided, such medical, surgical and hospital treatments, including nursing, medical and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter during disability, but not exceeding ninety days nor exceeding a total expense to the employer of more than one hundred dollars ($100.00) on account of the benefits provided by this section, * * * shall be furnished," etc. That language only prescribes the length of the period during which the employer "shall" furnish such treatment, and has no reference to the beginning period of the commencement of the treatment, i. e., whether within 90 days from the time of the happening of the accident, or at any subsequent period; but only that after such treatment has commenced the employer could not be compelled to furnish it for a period longer than 90 days, unless the time be extended by a duly entered order of the board. The very language of the statute is, that such surgical treatment shall be furnished "as may reasonably be required at the time of the injury and *thereafter* during disability." (Our italics.) In other words, it was the intention and purpose of the Legislature to make provision for such treatment immediately following the accident, if the injury therefrom was of such a nature that it should be immediately administered; but if not so required at that time, then at any other date during the disability as the developments might require. No better illustration could be given of that interpretation than the case we have before us. The external developments of defendant's hernia resulting from his accident might not appear for a considerable time immediately following the accident, and which, if true, and that period continued for as much as 90 days, defendant would be deprived of the

benefit of such an operation as the two sections read together clearly prescribed for, because of the delay in the developed manifestation of the result of his injury. The very language of the two sections refute any such interpretation, as well as fully supports the one we have herein made, and for which reason this claim must also be denied, and which also carries with it, for the reasons hereinbefore pointed out, the rejection of complaint (e).

But it is also argued that the defendant rejected a properly tendered operation by plaintiff, and for which reason the order appealed from was erroneous; but which is not sustained by the uncontradicted evidence in the case. It is true that defendant admitted in his testimony that plaintiff offered to defray the expenses of an operation for his hernia to be performed by a designated firm of physicians with whom his employed one was not associated, but he stated at the time that he called upon the representative making such offer and was informed that plaintiff would provide an expense or fee of only $100 for the operation, when the statute (section 4884) prescribes as much as $200 for such services, and defendant stated that he was unable to meet any excess charge above the $100. That testimony was uncontradicted, and which authorized the board to disregard the alleged rejected offer by plaintiff, but which was not one of the errors relied on in the petition filed in the circuit court for a review of the board's finding.

It therefore follows that under the undisputed facts, together with those found by the board (and for which there was testimony to support), and in conformity with our interpretations of the involved sections of our statutes, the court did not err in sustaining the board's finding.

Wherefore, the judgment is affirmed.