## Black Mountain Corporation v. Stewart et al.

(Decided Feb. 15, 1938.)

B. M. LEE for appellant.

GOLDEN & LAY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

The Black Mountain Corporation is appealing from a judgment of the Harlan circuit court affirming awards of the Workmen's Compensation Board for two separate injuries sustained by its employee Thomas Stewart.

On the hearing of each of the applications for adjustment of compensation it was stipulated that at the time of the injuries to plaintiff the parties were operating under the provisions of the Workmen's Compensation Act, Kentucky Statutes, sec. 4880 et seq.; that the injuries arose out of and in the course of the applicant's employment; and that the questions to be determined were the extent and duration of the disability. The first claim arose out of an injury to the eye on February 19, 1936, when struck by a fragment of a steel rail and the second out of an alleged hernia sustained on August 29, 1936, when the employee was attempting to lift a large, heavy piece of coal into a coal car.

The Compensation Board considered the claims together and in one opinion and award found that the injury to the eye resulted in temporary total disability for a period of 10 weeks and thereafter permanent impairment of the vision of 40 per cent. and awarded $13.40 per week for a period of 10 weeks representing temporary total disability, and further compensation at the rate of $4.80 per week for a period of 90 weeks, representing 40 per cent. impairment of the vision of the left eye. It was further found that the second injury resulted in a right inguinal hernia which did not exist in any degree prior to the injury; that the hernia appeared suddenly and immediately following the injury; that plaintiff had a chronic disease which rendered an operation more than ordinarily unsafe; that plaintiff

was suffering 100 per cent. disability of which 75 per cent. was due to pre-existing disease, and 25 per cent. to the hernia; that he recover compensation at the rate of $3 per week for a period of 335 weeks, less 1 week waiting period, representing 25 per cent. permanent partial disability; that he recover 6 per cent. interest on all past-due and unpaid installments on both claims and that defendant take credit by the amount of compensation theretofore paid; that the defendant pay all medical and hospital expenses incurred not to exceed the sum of $100 for each separate injury.

While both claims were vigorously contested before the board, counsel for appellant with commendable fairness and frankness concede that there is a conflict in evidence concerning the extent and probable duration of the injuries to appellee's eye and therefore under the prevailing rule in such circumstances the court is without authority to disturb the board's finding and award. It is further conceded by counsel that, since there is a sharp conflict in evidence as to whether there was a complete hernia or merely an enlargement of the ring without any protusion, the finding of the board in that particular should not be disturbed.

The evidence of physicians who treated Stewart and of physicians who examined him at the instance of appellee is to the effect that after the injuries he was found to be suffering from high blood pressure and some of them testified to disease of the chest and heart. They all testified in substance that independent of the hernia he was wholly incapacitated by the high blood pressure and other troubles to perform manual labor. They stated that they did not know and could not determine the cause of these other conditions but gave as their opinion that there was no connection between them and the hernia. None of the physicians gave a definite opinion as to how long these other conditions had existed but some of them stated they were of considerable duration and probably originated before the accident.

It is argued in substance by counsel for appellant that as shown by medical experts introduced by both parties appellee is wholly incapacitated and disabled because of high blood pressure and heart and chest disease which were independent of and in no way connected with the injuries he sustained. With this as a premise it is further argued that, if wholly incapaci-

tated by these other troubles as pre-existing disease or diseases, there is no room for apportionment as between the injuries and pre-existing disease under section 4880 of the statutes as construed by this court; or, if these other troubles which independent of the injuries wholly incapacitated appellee originated after the injuries, then, it would be unjust to require appellant to pay compensation. It is admitted by counsel that the latter proposition is a new one and that the statute is silent upon the question and has never been construed as authorizing apportionment of disability as between an injury and wholly independent disease originating thereafter.

Notwithstanding the opinion of medical experts that at the time of their examination appellee was suffering from disease or diseases not caused by and in no way related to the injuries and that he was wholly incapacitated thereby and that these diseases probably originated prior to and existed at the time of the accident, the stubborn fact remains that appellee was able to and did continuously perform hard manual labor at a good wage up to the time he sustained the hernia but immediately thereafter was wholly incapacitated. Theory and opinion must give way to actual facts. Not only so, but not very long before the accident a physician employed by appellant made a physical examination of appellee and gave him a certificate indicating that he was in good health and able to perform labor. While counsel for appellee admit that the second proposition is a new question, the case of Furnace Coal Mining Company v. Carroll, 212 Ky. 1, 278 S. W. 171, is cited as inferentially, at least, supporting it. In that case a miner was struck by falling slate and sustained a broken leg and injuries to the back and shortly thereafter died in a hospital. It was found by the board that his death was due to heart trouble which was not occasioned by the injury. This court held in effect that, in the absence of claim or showing of fraud or collusion, the finding of the board was conclusive unless there was an entire absence of evidence to support it. In that case the widow was making application for compensation for the death of her husband and as we infer from the record there was nothing whatever to show a natural and continuous sequence between the injuries he sustained in the mine and his death. Manifestly that case is easily distinguished and does not afford basis for

argument that after the injured employee sustains a compensable injury he will be denied compensation because of disease originating thereafter which of itself would totally incapacitate him. While the rule of liberal construction of our compensation law required by the act (Kentucky Statutes, sec. 4987) and followed by the court "does not dispense with the necessity of the claimant proving his case nor relieve the board of its duty of resting its finding and award on some competent and relevant evidence," the court would not be authorized to read into the act something that would totally thwart its humane spirit and purposes nor to deny compensation where a liberal construction within the bonds indicated would justify. There is ample evidence to sustain the board's finding as to the extent of the disability and the apportionment between the injury and pre-existing disease, and in such circumstances, as recognized by counsel for appellant, its finding is conclusive and will not be disturbed by the courts.

Finally it is argued that the board was not justified in making any award for medical expenses occasioned by either of the injuries. Under the award the company was ordered to pay all medical and hospital bills incurred, not to exceed the sum of $100 for each separate injury. Under section 4883 of the statute, the payment of such expenses by the employer, in addition to all other compensation as provided in the act, is mandatory. That section provides for medical treatment, but not exceeding 90 days. It has been held that this provision has reference only to the duration of treatment and has no reference to the beginning period of such treatment. Kroger Grocery & Baking Company v. Bartle, 250 Ky. 658, 62 S. W. (2d) 807. Under the award appellant will only be required to pay as provided in the statute so construed for such reasonable medical services as have been or may be required because of the injuries. We find no reason for remanding the case for further determination of the board in that particular.

Judgment affirmed.