## Highland Co., Inc. v. Goben et al.

Oct. 12, 1943.

Davis, Boehl, Viser & Marcus for appellant.

Edrington & Redmon for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The facts found by the Workmen's Compensation Board are stated as follows:

"It appears from the evidence that plaintiff was employed by the defendant as a laborer and that, on the day the accident occurred, he was attempting to loosen a pick, which had been driven into the frozen ground, when he strained himself. He felt a sharp pain in his abdomen and was immediately given first aid by the company physician. The doctor, upon examination, discovered that a hernia had appeared about midway between the navel and the lower rib. Plaintiff continued to do light work for the defendant until March 21st when all the men on that job were laid-off. On April 28th he was operated upon by Dr. R. C. Joplin, a company physician, who continued to treat him until sometime in August. The defendant paid compensation for total temporary disability for a period of seventeen weeks and has refused to pay any further compensation.

"In the year 1927 plaintiff was operated upon for appendicitis and the incision left a scar, some six or seven inches long, running diagonally from the navel to

the right hip. In the following year, 1928, he was operated upon for a stomach ulcer and the incision from this operation left a scar, about five or six inches long, extending upward from the navel. The hernia of which plaintiff complains erupted through the incision made for the second operation. Plaintiff also has a hernia on his lower abdomen through the scar left by the incision from the first operation. This hernia appeared in 1936 and, according to plaintiff, causes him no disability.

"All of the doctors who testify agree that the hernia on the upper abdomen of which plaintiff complains is a post-operative one, that is, that the rupture occurred through an incision from a former operation. Dr. Joplin, who treated plaintiff and operated upon him for this hernia, says that the operation was unsuccessful. He also says that plaintiff has abnormally thin abdominal walls and that the weakness in the wall, caused by the former operation, coupled with the strain brought about the rupture and hernia. He advocates a second corrective operation. Several of the other doctors believe that the strain could, of itself, have caused this hernia. They also say that a second operation has no more chance of being successful than the first. All agree that plaintiff is now totally and permanently disabled from performing any manual labor."

The Board concluded from the evidence that: "plaintiff is now totally and permanently disabled from performing any manual labor, which is the only kind of work he is, by training and experience, fitted to do. We further find that the hernia, causing the disability, was caused by the existing weakened condition of the abdominal walls and the strain. It seems that to hold otherwise would be to constitute the employer an insurer of the general condition and health of all of his employees. This is not the intention of the Act. We believe that the pre-existing condition and the strain contributed equally to cause the hernia and the resulting disability and an award will be made on that basis. We also find that plaintiff was totally disabled for a period of seventeen weeks, as a direct result of the injury, for which compensation has been paid. Plaintiff will also be awarded the amount of doctor and hospital bills he has actually expended as a result of this injury not to exceed, however, the sum of Two Hundred ($200.00) Dollars."

The Kentucky Workmen's Compensation Law,

KRS 342.010 et seq., provides that personal injury by accident shall not include injuries resulting from a pre-existing disease. We have invariably held that, where the injury complained of was jointly caused by pre-existing disease and traumatic injury compensable under the Act, it is the duty of the Board to determine the degree or percentage of the disability resulting from each of the causes, and to make an award for the compensable injury in accordance with that determination. Broughton's Adm'r v. Congleton Lumber Co. et al., 235 Ky. 534, 31 S. W. (2d) 903, and cases therein cited. It is the duty of this court to sustain such an award, if any evidence of probative value appears in the record to support it.

Thus, the principal question for our determination is: Whether a hernia proximately caused by a traumatic injury may be said to have partially resulted from a pre-existing disease, where there is evidence that the hernia would not have been produced at the place of protrusion, had it not been for the fact that the abdominal wall at that place was in a weakened condition as the result of an operation for a pre-existing disease which occurred thirteen years prior to the date of the accident.

It is conceded, or at least the Board found, that the hernia protruding through the scar caused by the appendectomy does not contribute in any degree to appellee's disability. It is likewise conceded that appellee had suffered no disability as a result of the operation for ulcer to the very moment of the accident, although thirteen years had transpired since the date of the operation, and throughout that entire period of time appellee had been engaged in hard manual labor. We are of the opinion that the General Assembly intended to exclude from the provisions of the Act only such results of a pre-existing disease as, of themselves, shall have rendered the claimant disabled previous to the occurrence of the injury for which compensation is claimed. We are not inclined to the opinion that it intended to diminish the benefits provided in the Act, upon a showing that a pre-existing disease caused a condition which rendered the victim of an accident more susceptible to injury; but, if we were inclined to that opinion, we would be confronted with the further fact that appellant has failed to prove that the protrusion of the hernia would not have occurred elsewhere in the abdomen, had it not appeared where it did. Undoubtedly, the strain sustained in appellee's attempt

to extricate the pick from the frozen ground was the proximate cause of the injury, and it was proven (if it should not be considered to be common knowledge) that under a strain the hernia will protrude at the weakest place in the abdominal wall. No doctor testified that the strain was not sufficient to cause a hernia at some other place in the abdominal wall, had it not been produced at the location it appeared, and there is an utter lack of showing that a hernia would have occurred under ordinary circumstances as a result of the ulcer operation. The mere presence of a weak abdominal wall, irrespective of its cause, in our opinion, is not sufficient to support a finding that the disability would not have been caused had not the condition existed. It merely gives rise to speculation that the disability was in part traceable to the condition at the point of protrusion. Therefore we hold, that for an injury to be partially traceable to a pre-existing disease, there must be a showing that some degree of disability therefrom existed previous to the traumatic injury proximately causing the disability for which compensation is claimed. The presence of a structural weakness in the region the injury occurs should not preclude a recovery, if the injury itself is distinct, and the result of a particular strain causing a sudden protrusion of the intestine. Since the evidence failed to show any degree of disability existed previous to the traumatic injury as the result of a pre-existing disease, the Compensation Board's finding in that respect is erroneous, and the Circuit Court properly remanded the case to the Board with directions to allow the full award for permanent and total disability. In view of this conclusion, it is unnecessary for us to discuss the other contentions of appellee.

By agreement of the parties, the original record of the Compensation Board was filed in the Circuit Court and, in lieu of a transcript, has been transmitted with the record on this appeal. Appellant has filed a motion in this Court to disallow the fee claimed by the Clerk of the Jefferson Circuit Court for transmitting the record without actually making a transcript thereof. Since no transcript was actually made, the Clerk is not entitled to the fee, for which reason the motion must be, and hereby is, sustained. The question of the right of the Clerk to make a transcript of the record, and collect his fee therefor, is not before the Court.

Since the judgment of the Circuit Court is in accord with the views expressed in this opinion, it is affirmed.

Whole Court sitting.

Judge Cammack dissenting.