## Department of Highways et al. v. McCoy et al.

March 12, 1946.

766

Eldon S. Dummit, Attorney General, C. F. Kelly, Assistant Attorney General, and J. R. Richardson for appellant.

W. A. Moore for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellee Nathan T. McCoy, an employee of the Department of Highways of the Commonwealth of Kentucky, suffered a hernia on October 27, 1943, in an accident which arose out of and in the course of his employment. Both the employer and the employee had accepted the provisions of the Workmen's Compensation Act. KRS 342.001 et seq. It is conceded that appellee is totally disabled, and that the hernia is not presently operable by reason of the fact that he is now suffering from pulmonary tuberculosis. McCoy filed his claim with the Workmen's Compensation Board on April 29, 1944, and on October 24, 1944, a referee of the Board found that claimant was totally and permanently disabled, but held that sixty per cent. of the disability resulted from hernia and forty per cent. thereof was the result of pre-existing disease and apportioned the award accordingly. On a full Board review the Board found that McCoy was totally and permanently disabled as a result of the accident, and awarded him compensation at the rate of $15 a week during the period of total disability. The award was affirmed, and the Department of Highways has appealed.

The Workmen's Compensation Board found that appellee sustained an injury on October 27, 1943, resulting in a hernia, and that by reason of the injury he was totally disabled from performing any manual labor. In its opinion delivered February 6, 1945, the Board said:

"It is established that the employee is and has been for some months past· suffering from tuberculosis, that he has a moderate involvement, and that the disease is moderately advanced; that there is activity on both apices; that his condition is such that it would be dangerous to undertake the operation in question to reduce the hernia, as contemplated by the statute."

Under the head of "Findings" it was said:

"In these circumstances the Board finds and adjudges that the employee is suffering from a chronic disease, and is in such physical condition as to render it more than ordinarily unsafe to submit to an operation for the reduction of the hernia.

"The Board does further find that it is not justified in ordering the employee to submit to the operation required to reduce the disabling hernia."

Further along this appears:

"The Board does find and adjudge that as a result of the injury sustained by the employee on the 27th day of October, 1943, he is totally and permanently disabled."

The finding of facts was not as specific as it should have been, but a careful examination of the opinion and award discloses that the Board was of the opinion that the tuberculosis developed after the injury and was not a contributing factor to the original disability. The statement of the findings of fact meets the requirements of KRS 342.275. January-Wood Company v. Bramel, 252 Ky. 258, 67 S. W. 2d 14. The sole question presented is whether or not this finding of the Board is supported by any competent evidence of probative value.

Immediately after the accident, appellee's employer sent him to Dr. Johnson in Livermore, who informed him that he had suffered a hernia and that an operation would be necessary to repair the injury. On the fifth day after the accident he was treated by Dr. G. E. Embry of Morgantown, and later by Dr. D. G. Miller, Jr., who had been his family physician for several years. On April 13, 1944, appellee was given a complete examination by Dr. Miller at the request of the Department of Highways, apparently in preparation for the tender of an operation as provided for in KRS 342.025. At that time Dr. Miller found appellee suffering from "moderately advanced tuberculosis," and advised against surgery until the tuberculosis had been arrested. He advised complete rest, preferably in a sanitarium. Dr. Miller was asked how long in his opinion appellee's lungs had been infected, and he answered:

"Well, that, of course is awfully hard to pin down; but anywhere from—oh, I would say that there had been

chest infection from six to eight weeks, up to six months or a year.''

It was shown that there was no history of tuberculosis among appellee's blood relatives. Neither his father nor his mother had the disease, nor had any of his thirteen brothers and sisters. His wife died from tuberculosis in July, 1940, after a lingering illness, and it is argued that he must have contracted the disease from her. Dr. Miller testified that he had appellee under observation from the date of his wife's death until a few months before the accident. During this period of time he made six examinations for the purpose of ascertaining whether appellee's lungs were infected. The last examination was made June 26, 1943, four months before the accident, and appellee's lungs were then clear. Appellee worked regularly until the day of the accident, the last three months for appellant at hard manual labor. There was ample evidence from which the Workmen's Compensation Board could reasonably infer that appellee contracted tuberculosis subsequent to the accident, and since it found that the disability complained of was not jointly caused by pre-existing disease and traumatic injury but was caused by traumatic injury alone, there was no room for an apportionment of the award. Highland Company, Inc., v. Goben, 295 Ky. 803, 175 S. W. 2d 124. Where an employee has sustained a compensable injury, compensation will not be denied or the award reduced because of disease originating thereafter, even though such disease would totally incapacitate him. Black Mountain Coal Corporation v. Stewart, 272 Ky. 140, 113 S. W. 2d 1141.

The judgment is affirmed.