## Wood-Mosaic Co. et al. v. Shumate.

June 10, 1947.

Rehearing denied October 3, 1947.

Eugene Hubbard, Judge.

Wallis Downing and Farnsley, Hottell & Stephenson for appellants.

J. W. Clements and Ollie James Cohen for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Ruby Mae Shumate, appellee employee, obtained judgment in Jefferson Circuit Court against Wood-Mosaic Company, appellant employer, for total and permanent disability benefits provided under the Workmen's Compensation Law. The employer now appeals.

In rendering its judgment for these benefits, the trial court reversed a decision of the Workmen's Compensation Board which had previously awarded total and permanent disability compensation only to the extent of 50% of the full amount provided by statute, the Board having made a finding of fact to the effect that 50% of the employee's disability came from a noncompensable, pre-existing disease rather than from a traumatic injury.

The employer now contends that the trial court's judgment should be reversed because the Board had made its own award, based upon its findings of fact, supported by probative evidence, and that accordingly the trial court had no legal power to overturn the Board's decision under such conditions.

It was established on the hearing of this case, either by stipulation or by probative evidence, that both employer and employee were under the provisions of the Workmen's Compensation Law upon the occasion in controversy; that the employee's wages were sufficient to justify maximum compensation allowances; that the employee's physical condition was one of total disability and of presumed permanence following the occasion in controversy; that the employee suffered a wrenched back while working on her job with this employer on December 22, 1943, while pushing a flat, loaded truck, weighing 600 pounds or more, over a rough, floor surface; that she, under difficulty, continued on her job until January 18, 1944, when her condition compelled cessation of her work; that her present condition is thought to be traumatic arthritis, that is to say her present arthritis is considered to have existed for a long time, but only in a latent, dormant, unknown condition, until a traumatic injury called it forth into painful and disabling reality; that she successfully passed a medical examination when she went to work for this employer; that she, prior to the time of her employment with appellant, worked practically every day during a period of nine years in the service of other, previous employers; that she worked for appellant without any absence caused by any physical disability during the months preceding the date of this accident.

Our fixed rule of law in a workmen's compensation case of this kind is to the effect that if there has been produced, upon the hearing before the Board, any evidence to support the result reached by the Board, then the Board's decision in the case must be binding upon all the courts. Broadway & Fourth Ave. Realty Co. v. Metcalfe, 230 Ky. 800, 20 S. W. 2d 988.

KRS 342.005, which is part of the Workmen's Compensation Law, says, in substance, that disabling results, which emanate from a worker's pre-existing disease rather than from a traumatic injury, are not compensable.

Having conceived the idea that a worker's disability may be part injury and part disease, we have often held that compensation for that type of disability must be apportioned between the disease and the injury so as to

award to the worker compensation for his injury, yet so as to exclude any award for his disease disability. Broughton's Adm'r v. Congleton Lumber Co., 235 Ky. 534, 31 S. W. 2d 903.

However, in the case of Highland Co., Inc., v. Goben, 295 Ky. 803, 175 S. W. 2d 124, we adopted and enunciated the additional principle that a disability emanating from a combination of both pre-existing disease and traumatic injury need not produce the result of excluding compensation for the disease disability unless there was some probative evidence that the disease itself had manifested its active, disabling effects to some extent prior to the time of the traumatic injury. In other words, we said in this Goben case that an employee might be compensated even for disease disability, provided such disease had continuously lain in a completely harmless and inert condition, like some sleeping dog that might never awaken, until along came the vicious kick of a traumatic injury and aroused it into an active disability.

Medical science informs us that a human body may sometimes harbor the germs of some very deadly disease without any apparent, ill effects therefrom, because of the continuous resistance of bodily health. However, it may well be assumed that the accidental but powerful allowance of some bodily injury along with those dormant, disease germs can and often does overcome the effectiveness of all the previous resistance of good health. The eminent specialist, Dr. Barnett Owen of Louisville, testified in this case relative to the medical recognition and acceptation of the disability known as traumatic arthritis, which is the very sleeping dog that suddenly awoke to plague this appellee immediately following the traumatic kick produced by the accident of December 22, 1943.

We have not been able to find any evidence anywhere in this record tending to prove that appellee's latent, dormant, unknown condition had manifested itself to any degree whatsoever prior to the date of her accident. It had never caused her to lose a single hour from her work. Neither lay testimony nor medical evidence produced any proof in this case that appellee's

physical trouble was ever seen or heard of until after this accident had occurred.

Therefore, applying the principle of the Goben case, this appellee was entitled to an award of full compensation for total and permanent disability benefits, since there was no evidence whatever that her pre-existing disease had ever expressed itself or had ever disabled appellee to any degree whatever prior to the date of her traumatic injury. Under these conditions, we must say, if we follow the declaration of principle laid down in the Goben case, that the Board made its apportionment of compensation without any of the evidence required for such an apportionment.

The judgment of the trial court appears to have been correct, while the application of law made by the Board to all the proven facts of this case appears to have been erroneous.

Wherefore, the judgment of the trial court is now hereby affirmed.