## BELCHER v. CORNMAN'S ADM'X et al.

### Court of Appeals of Kentucky.

Feb. 26, 1954.

Lena Maiden Craig, J. A. Edge, Lexington, for appellant.

Robert H. Measle, Lexington, for appellees.

SIMS, Chief Justice.

This is an appeal from a judgment affirming a finding of the Workmen's Compensation Board and dismissing the petition for

review. In seeking to reverse the judgment appellant contends there was no evidence of probative value to support the finding of the referee, which was sustained by the full board denying compensation. This makes it necessary to review the evidence heard before the referee.

It is stipulated by the parties that they both had accepted the terms of the Act and were operating thereunder at the time of appellant's accident in Lexington on April 11, 1950; that his fall was received in the course and scope of his employment; that his wages at the time were sufficient to entitle appellant to receive the maximum compensation, if any, under the Act; that appellees paid appellant during his temporary total disability from April 12 to May 16, 1950, the amount due him under the Act, including his medical expenses.

Appellant, who was 20 years of age at the time of his accident, testified in effect that while working as a carpenter's helper he was carrying a tee made of four 2 x 4s, seven feet long and weighing 40 or 50 pounds. In stepping across a mound of dirt onto the foundation of a house being constructed, appellant fell forward with this tee on his back. The accident happened about 11 A.M. He continued to work that day but at quitting time reported his injury. The next day he went to Dr. W. M. Brown, who placed a brace on his back which he has worn ever since. Appellant returned to his job in three weeks and was given lighter employment at which he worked "off and on" for four or five weeks. Finding he could not do "that heavy work", appellant went to Detroit and worked several months in automobile factories, but had to give up his jobs there because of the heavy work and because he had "to bend over" which was too hard on his back. He returned to Lexington and was driving a cab at the time of the hearing before the referee.

Appellant further testified that from May to August 1947, he worked for a coal company at Kenvir, Ky., where he had to "bend over a lot". His back pained him and upon going to a company doctor, he

was advised his back muscles were weak. Before appellant's accident in 1950, he played softball, tennis, swam and bowled. Since his accident appellant tried to bowl but it hurt his back. He uses a sun-lamp on his back which he never did before his fall. Appellant was studying mining engineering before his accident but as "engineering is a pretty heavy work" he gave it up and entered "pre-med".

Several men who know appellant, some of whom worked with him on the job when he fell, testified that he was injured and was unable to do heavy work. Appellant called Dr. Brown, an orthopedic surgeon of Lexington, who testified in effect that when appellant came to him right after the accident he made an x-ray of appellant's back, could find no fracture or dislocation, and sent the patient to St. Joseph Hospital for additional x-rays, which confirmed Dr. Brown's finding. Dr. Brown advised appellant to sleep on a firm bed, put an elastic belt on him, followed with a Taylor brace, consisting of four pieces of steel with leather padded cushion in the back. Dr. Brown diagnosed appellant's trouble as first degree, or mild type, spondylolisthesis (a forward slipping of the fifth lumbar vertebra), which can be caused by a trauma but practically always happens before the baby is born and is a congenital defect, or can be caused in the delivery of the child.

Dr. Brown further testified a person may go through life with spondylolisthesis without trouble but an undue strain or trauma "could have brought on the symptoms of which he (appellant) complains". Dr. Brown said the trauma probably brought on appellant's symptoms even though he had a pre-existing spondylolisthesis. The doctor thought appellant could do light but not heavy work.

Dr. D. W. Barrow, an orthopedic surgeon of Lexington, when called as a witness for appellees, testified he examined appellant for induction into the army on June 4, 1951, and the young man was turned down, for what reason the doctor did not say. Appellant's physical examina-

tion showed there was freedom of motion, no limitation of range, no interference with reflexes, no localized tenderness or any abnormality. Dr. Barrow màde no x-ray of appellant.

Dr. Kearns Thompson, another orthopedic surgeon of Lexington, testifying for appellees stated he examined appellant on Mar. 30, 1951, and made an x-ray of his back. Dr. Thompson's diagnosis was the patient had spondylolisthesis of congenital origin, and there was no evidence of fracture or dislocation. While appellant's symptoms could be initiated by trauma, they did not necessarily have to have any inciting factors to bring them to one's attention. When asked if the fall could be the inducing factor which brought the discovery of the defect in appellant's back, Dr. Thompson said, "this boy had pain before this fall".

On the contradictory evidence briefly outlined above, the referee and the board found the weakness in appellant's back was congenital and was not caused by his fall. Under KRS 342.285 courts are limited to determining whether or not there is any evidence of probative value to support the board's finding of fact. This has been applied to a finding of the proximate cause of an injury and disability where there is a claim of pre-existing disease or physical infirmity. Cornett-Lewis Coal Co. v. Day, 312 Ky. 221, 226 S.W.2d 951, 953. Here, there was ample evidence to sustain the finding of the board and neither we nor the circuit court can disturb it.

Appellant relies upon several cases, such as Harvey Coal Corp. v. Morris, 314 Ky. 781, 237 S.W.2d 70; Highland Co. v. Goben, 295 Ky. 803, 175 S.W.2d 124; Wood-Mosaic Co. v. Shumate, 305 Ky. 368, 204 S.W.2d 331; McKnelly v. Gaddis, 309 Ky. 698, 218 S.W.2d 1, and perhaps others. An examination of these cases shows they are not applicable here.

The Harvey and Goben opinions deal with hernia and hold that where one has "enlarged rings" or a weakened condition due to a former operation which makes him more susceptible to an injury, he is not precluded from recovering under the Act for a disability caused by a trauma. The Shumate opinion cannot help appellant since his pre-existing condition manifested itself prior to his accident. And the same may be said for the Gaddis opinion. Neither Shumate nor Gaddis had experienced any trouble before their respective accidents.

The judgment is affirmed.