**IMPERIAL ELKHORN COAL COMPANY et al., Appellants,**

**v.**

**Alvis NEWSOME et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 2, 1964.

865

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, for appellants.

Ronald W. May, Francis M. Burke, Pikeville, for appellees.

WILLIAMS, Judge.

The Workmen's Compensation Board found that an accident causing injury to appellee Alvis Newsome did not arise out of and in the course of his employment and, consequently, dismissed his claim. Upon appeal to the circuit court the order of the Board was reversed. This appeal from the judgment of the circuit court results. The appellee's cross-appeal has been abandoned.

Appellee was injured by an explosion in a mine some distance from his employer's tipple, where he had been working. Appellee testified that he went to that mine in search of a shovel to loosen some coal stuck in the tipple. He says that as he approached the mine an explosion occurred which caused his injuries.

A witness named Robinson testified that he was present at the mine when the explosion occurred. He saw appellee and another man tamping dynamite inside the mine and he saw them light the fuse. Appellee attempts to discredit Robinson's testimony as being motivated by political prejudice.

The Board had before it two versions of why appellee was at the scene of the explosion. Had it believed appellee's story he would have been entitled to compensation. But the Board accepted the witness Robinson's statement that appellee was there

tamping and shooting dynamite, which was completely without the scope of his employment.

The Board may pick the witnesses it chooses to believe and its finding, if based on relevant and substantial testimony, will not be disturbed. Savage v. Claussner Hosiery Company, Ky., 379 S.W.2d 473. Robinson's testimony was relevant and substantial, and conclusively proved that appellee was not injured by an accident arising out of and in the course of his employment.

The judgment is reversed.