**Homer BROWN, d/b/a Homer Brown Coal Company, Appellant,**

**v.**

**Robert GREGORY and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Jan. 28, 1966.

Charles G. Cole, Jr., Cole & Cole, Barbourville, for appellant.

Robert Matthews, Atty. Gen., Frankfort, Pleaz Wm. Mobley, Manchester, for appellees.

WADDILL, Commissioner.

This appeal is from a judgment upholding an award of the Workmen's Compensation Board in favor of appellee, Robert Cregory, against appellant, Homer Brown Coal Company. The only questions presented for our determination are whether the Board made sufficient findings of fact and whether it erred as a matter of law in not apportioning the liability between appellant and the Special Fund pursuant to KRS 342.120.

Gregory sustained an injury to his back by an accident arising out of his employment with appellant during 1962. The Special Fund was made a party to the proceedings before the Board.

The Board, after noting that the Special Fund had been made a party and after reviewing certain medical evidence found that Gregory was totally disabled and awarded him maximum compensation benefits against appellant.

Appellant contends the Board failed to make sufficient findings of fact as required by KRS 342.275, specifically in not finding the amount of disability caused by trauma and the amount which resulted from a pre-existing condition. While the Board was remiss in not making specific affirmative findings of fact, it assessed appellant with full liability. Hence it is implicit in the award that no pre-existing condition, as that term is used in KRS 342.120, contributed to Gregory's present disability. Department of Highways v. McCoy, 301 Ky. 765, 193 S.W.2d 410.

Appellant next contends the evidence required the Board to find that Gregory had a pre-existing condition which contributed to his disability. The medical witnesses had not examined Gregory before he received his back injury. One physician stated that his examination convinced him that Gregory had a 5% disability before the accident. Two physicians opined that Gregory had a degenerative disc before his accident which contributed 50% to his present disability. Another physician testified Gregory's condition was due solely to trauma. It is doubtful if a non-disabling degenerative condition which is due to normal aging processes is the type of condition intended to be covered by KRS 342.120. However, we need not determine that question since there is medical evidence to support the Board's finding that the disability was entirely caused by the 1962 accident. This forecloses the apportionment question. Mullins v. Blanton, Ky., 385 S.W.2d 779; Imperial Elkhorn Coal Co. v. Newsome, Ky., 382 S.W.2d 864. We conclude there is no merit in appellant's contentions.

The judgment is affirmed.