CALLOWAY COUNTY FISCAL COURT and the Home Insurance Company, Appellants,

v.

Billy Dean WINCHESTER, CETA and its insurance carrier, Ohio Casualty Insurance Company, and the Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Oct. 14, 1977.

W. Donald Overbey, Overbey, Overbey & Overbey, Murray, for appellants.

M. Ronald Christopher, Hurt & Christopher, PSC, Murray, for appellee Billy Dean Winchester.

Jonathan Freed, George R. Effinger, Boehl, Stopher, Graves & Deindoerfer, Paducah, for appellees CETA and Ohio Cas. Ins. Co.

Gemma M. Harding, Deputy Gen. Counsel for Appeals, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellee James R. Yocom, Special Fund.

Before HAYES, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

This is an appeal from the Calloway Circuit Court which affirmed an opinion and award of the Kentucky Workmen's Compensation Board ordering appellant, Calloway County Fiscal Court and/or its insurance carrier, The Home Insurance Company to pay Billy Dean Winchester both temporary total disability benefits and permanent partial disability benefits.

On July 30, 1974, appellee, Billy Dean Winchester (hereinafter called Winchester), fell off of a road grader while employed by the appellant, Calloway Fiscal Court (hereinafter called the Fiscal Court), who had placed its Workmen's Compensation insurance with appellant, The Home Insurance Company (hereinafter called Home Insurance).

Winchester was initially examined by a local physician and was subsequently treated by Dr. Matthew Wood, a neurosurgeon at the Semmes-Murphy Clinic in Memphis, Tennessee. Home Insurance, after this accident, began making temporary total disability payments to Winchester and also paid all his attendant medical expenses. Home Insurance ceased making temporary total disability payments on November 23, 1974, when Winchester returned to light work.

Winchester did not return to work for his previous employer, the Fiscal Court, but rather was hired under the Comprehensive Employment Training Act (hereinafter called CETA) which is insured by the Ohio Casualty Insurance Company (hereinafter called Ohio Casualty). Winchester did, however, work at the Calloway County Road Department, a division of the Fiscal Court, under the CETA program. Winchester continued to work until March 9, 1975, at which time he sustained a further injury while mopping a floor which was one of the duties of his employment.

Following this second injury, Winchester filed an application for adjustment of benefits with the Workmen's Compensation Board (hereinafter called the Board), against the Fiscal Court and Home Insurance. Winchester thereafter amended his original application to include CETA and Ohio Casualty as defendants, along with the Fiscal Court and Home Insurance.

It was the Fiscal Court's position before the Board that Winchester's disability was occasioned by the March 9, 1975 fall. It was CETA's position that the March 9, 1975 accident merely aggravated a pre-existing condition and initial injury that had manifested itself following the July 30, 1974 accident.

The medical proof consists primarily of two medical depositions and a brief medical report made by the Board-appointed physi-

cian. The deposition of Dr. Matthew Wood, the neurosurgeon, shows that he felt that Winchester could go back to doing light work in November of 1974. Dr. Wood saw Winchester for final evaluation in January of 1975, at which time Dr. Wood told him to continue doing light work. Dr. Wood also prescribed valium (a muscle relaxer) and robaxin at this time. The deposition of Dr. Cully Cobb, a neurosurgeon of Nashville, Tennessee, shows that he believed the March 9, 1975 accident aggravated Winchester's previous back injury which he had sustained on July 30, 1974. The medical report of the Board-appointed physician indicates that Winchester's disability is solely attributable to the accident of July 30, 1974; the mopping incident being of "no consequence".

On September 27, 1976, the Board entered an Opinion and Award holding that Winchester was entitled to receive both temporary total disability benefits and permanent partial disability benefits from appellant, The Fiscal Court. The appellants contend that the Board did not deal with the substantive issue as to who was Winchester's employer on the date of his injury and that the Board completely ignored the principal issue of which employer was responsible for both benefits. After timely procedural steps below, this question is now before us for decision.

In the Board's Opinion, this finding of fact is stated:

3) . . . plaintiff received an injury to his lower back and was temporarily totally disabled from July 30, 1974 to November 15, 1974. On November 15, 1974 he went back to work for defendant company at a different job where he made $112.50 per week. On March 9, 1975 he aggravated his injury when he mopped a floor and has not worked since.

■ Although the Board does not state precisely that Winchester was working for two different employers, it does distinguish between the two different injuries and labels the second injury as an aggravation of the first injury. The Board was also apprised of the fact that there were two different employers through the briefs submitted by all parties concerned. The Board decided therefore, based on the evidence presented, that appellant, the Fiscal Court, was solely liable for the payment of benefits to Winchester.

In the case of *Brown v. Gregory and Workmen's Compensation Board*, Ky., 398 S.W.2d 710, at page 711 (1966), the Court stated:

Appellant (employer) contends the Board failed to make sufficient findings of fact as required by KRS 342.275, specifically in not finding the amount of disability caused by trauma and the amount which resulted from a pre-existing condition. While the Board was remiss in not making specific affirmative findings of fact, it assessed appellant with full liability. Hence it is implicit in the award that no pre-existing condition, as that term is used in KRS 342.120, contributed to Gregory's (employee) present disability. (Parenthetical inserts ours for clarification).

The Board's finding that the second injury was an aggravation of the first injury was an implicit finding that the second injury did not result in any liability for the second employer, CETA. There is substantial medical evidence to support this finding of the Workmen's Compensation Board. Therefore, the judgment of the trial court is affirmed.

All concur.