**Sue C. RUDD, Appellant,**

v.

**KENTUCKY MANUFACTURING COM-PANY, James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Dec. 1, 1978.

J. Quentin Wesley, Wesley & Simpson, Morganfield, for appellant.

Robert G. Hunt, King, Deep & Branaman, Henderson, for appellees Kentucky Mfg. Co.

John Riehl, Jr., Dept. of Labor, Louisville, for appellees Com'r of Labor and custodian of the Special Fund.

Before COOPER, HAYES and PARK, JJ.

PARK, Judge.

The central issue presented by this appeal is whether an employee is entitled to benefits for total disability under KRS 342.-730(1)(a) when a pre-existing heart condition prevents repair of a work-related hernia which otherwise would be only temporarily disabling. If the employee is entitled to more than temporary disability benefits for the work-related hernia, the issue of the Special Fund's liability is also presented.

The employee, Sue C. Rudd, filed a compensation claim for total disability as a result of a hernia sustained in a fall in the course of her employment by Kentucky Manufacturing Company in Union County, Kentucky. Upon motion of the Company, the Special Fund was joined as a party to the proceedings. The board awarded Rudd only four months temporary total disability benefits for her hernia and dismissed the Special Fund from any liability. From a judgment of the Union Circuit Court affirming the award of the board, Rudd appeals to this court.

Rudd was injured April 30, 1976, when her feet became entangled in a length of twine or cord on the floor of the factory causing her to fall. She continued to work after the fall until May 24 when she first visited a doctor. The doctor placed Rudd in a hospital because of what he considered was a serious, life-threatening heart condition. A physical examination of Rudd in the hospital revealed an abdominal hernia. During surgery to correct the hernia, Rudd stopped breathing and apparently experienced heart failure. Although the surgeons were able to revive her, the hernia was not repaired. There are no plans for a second operation to repair the hernia until her heart condition improves and is corrected.

The board found that Rudd's hernia was work-related. However, the board also found that the hernia was only temporarily disabling. According to the findings of the board, the condition which prevents Rudd from working is her heart condition which is not work-related. The board found that the hernia could be repaired without any permanent disability if her heart condition were corrected by surgery. Therefore, the board found the company liable only for four months temporary total disability benefits. The claim against the Special Fund was dismissed on the theory it had no liability for temporary disability benefits. *See Proven Products Sales & Service v. Crutcher,* Ky., 464 S.W.2d 800 (1971).

There are two Kentucky decisions involving work-related hernias which could not be repaired because the employee suffered from a disease which was not work-related. Unfortunately, neither case was cited to the board or the trial court. Both cases involve apportionment under statutes which were significantly different from the present apportionment statute, KRS 342.120.

In *Black Mountain Corp. v. Stewart,* 272 Ky. 140, 113 S.W.2d 1141 (1938), the employee sustained a hernia in the course of his employment. The employee suffered from high blood pressure and heart disease which rendered an operation to correct the hernia more than ordinarily unsafe. The board found that the employee was totally disabled. The board apportioned 75% of the disability to the pre-existing heart disease and 25% to the hernia. Under the Workmen's Compensation Act then in existence, any disability attributable to a pre-existing disease was non-compensable. Kentucky Statutes § 4800.

In the *Black Mountain* case, the employer appealed arguing that it had no liability because all of the expert medical testimony indicated that the employee was totally disabled by the high blood pressure and heart disease independent of and in no way connected with his work-related hernia. The court rejected this argument. The court pointed out in its opinion that the employee had performed hard manual labor up to the

time he suffered the injury and that he was immediately thereafter totally disabled. The court rejected the contention that an injured employee who sustains a compensable injury should be denied any compensation if a disease originating thereafter would, of itself, have totally disabled the employee. The court affirmed the board's apportionment of disability between the compensable hernia and the non-compensable pre-existing heart disease.

In *Department of Highways v. McCoy*, 301 Ky. 765, 193 S.W.2d 410 (1946), the employee also suffered a hernia in an accident arising out of and in the course of his employment. The board also found that the hernia was not operable because the employee was then suffering from pulmonary tuberculosis which rendered an operation to correct the hernia more than ordinarily unsafe. The board awarded the employee total disability benefits for the hernia. The board concluded that the tuberculosis developed after the injury and was not a contributing factor to the original disability. The court affirmed the award of the board, stating:

> There was ample evidence from which the Workmen's Compensation Board could reasonably infer that appellee contracted tuberculosis subsequent to the accident, and since it found that the disability complained of was not jointly caused by pre-existing disease and traumatic injury but was caused by traumatic injury alone, there was no room for an apportionment of the award. *Highland Company, Inc., v. Goben*, 295 Ky. 803, 175 S.W.2d 124. Where an employee has sustained a compensable injury, compensation will not be denied or the award reduced because of disease originating thereafter, even though such disease would totally incapacitate him. *Black Mountain Coal Corporation v. Stewart*, 272 Ky. 140, 113 S.W.2d 1141.

*Id.*, 193 S.W.2d at 412. It should be noted that the court in the *McCoy* case relied upon the decision in *Highland Co. v. Goben*, 295 Ky. 803, 175 S.W.2d 124 (1943). That case established the rule that apportionment of liability was not required unless

the pre-existing disease was active and disabling prior to the traumatic injury. The employer was responsible for the entire disability if the pre-existing disease was dormant and non-disabling prior to the injury. *See Yocom v. Jackson*, Ky.App., 554 S.W.2d 891, 893 (1977).

■ Under the present statute, KRS 342.120, apportionment, after joinder of the Special Fund, is required "if either or both" of two conditions exist. Under subsection (1)(a), apportionment is required if the employee was previously "disabled." Under subsection (1)(b), apportionment is required if the employee had "a dormant nondisabling disease or condition which was aroused or brought into disabling reality" by a subsequent work-related injury. A pre-existing disease or condition is considered to have been "dormant" only if it was non-disabling at the time of the subsequent injury. *Yocom v. Loy*, Ky., 573 S.W.2d 645, 25 Ky.L.Summ. 14 (October 31, 1978); *Yocom v. Spalding*, Ky., 547 S.W.2d 442 at 445 (1977).

■ In its opinion and award, the board made the following findings:

> 2. Plaintiff, a 53 year old woman, sustained a hernia while working for defendant.
>
> 3. The condition which prevents her from working is her heart ailment (T.E. p. 10) which is not work related. Once she has heart surgery, the hernia which is a recurrent condition, can be repaired without any permanent disability solely attributable to the hernia.
>
> 4. Without the serious heart condition, plaintiff would have a temporary total disability period of about four months from the hernia repair and we will allow compensation for that period of time.

Rudd asserts that there was no competent evidence upon which the board could make a finding that the work-related hernia was only temporarily disabling. We do not reach this issue. Having in mind the provisions of KRS 342.120 and the decisions under the prior law in the *Black Mountain* and *McCoy* cases, we conclude that the board's findings are ambiguous. Until such ambi-

guity is removed by further findings, this court cannot determine whether the board was correct in limiting Rudd to temporary total disability benefits.

■ Rudd was working full time when she was injured on April 30, 1976. Consequently, she could not have been totally disabled from her heart condition at the time she sustained the work-related hernia. If Rudd's heart condition was partially disabling prior to the injury of April 30, 1976, and she is now totally disabled because the heart condition prevents repair of the hernia, she may be entitled to disability benefits subject to apportionment under KRS 342.120(1)(a), (3) and (4). *See Black Mountain Corp. v. Stewart, supra; see also Davis v. Conger Life Ins. Co.*, Fla., 201 So.2d 727 (1967). On the other hand, if her heart condition was not disabling prior to the accident of April 30, 1976, Rudd may be entitled to disability benefits for the hernia without any exclusion from compensation under KRS 342.120(4) on account of "prior disabling disease." *See Department of Highways v. McCoy, supra.* The board's findings suggest that the accident of April 30, 1976, and the resulting hernia had no effect on Rudd's prior condition. If so, it may be difficult to impose any liability on the Special Fund under KRS 342.-120(1)(b) on the theory that the heart disease constituted a "dormant non-disabling disease or condition which was aroused or brought into disabling reality" by the work-related accident. *Cf. Kentucky Convalescent Home v. Henry*, Ky., 463 S.W.2d 328, 330 (1971); *Yocom v. Jackson, supra*, 554 S.W.2d at 896.

Assuming that the hernia is to some degree disabling, consideration must be given to the board's finding that the hernia is a "recurrent condition." This finding suggests that some apportionment may be required under KRS 342.120 for the hernia itself. Even more important, there is no finding as to the degree of disability attributable to the hernia so long as it remains unrepaired. In this respect, we note that Dr. Merle M. Mahr, appointed pursuant to KRS 342.121, reported that the hernia was "minimally disabling"—"certainly no more than 10% to the body as a whole."

Under the peculiar circumstances of this case, this court cannot afford meaningful appellate review in the absence of further findings by the board. The case must be remanded to the board for specific findings respecting the degree and date of inception of any disability attributable to Rudd's heart condition. The board must also make specific findings respecting the degree of disability attributable to the hernia so long as it remains unrepaired. Having made those additional findings, the board should reconsider its award in light of the provisions of KRS 342.120 and the earlier decisions in *Black Mountain Corp. v. Stewart, supra*, and *Department of Highways v. McCoy, supra.*

We intentionally make no ruling on the questions raised in this opinion respecting the application of the *Black Mountain* and *McCoy* cases to the present apportionment statute. The parties have not argued, and the board has not considered, the issues. However, we do not feel we are free to ignore the two cases merely because they have not been cited.

The judgment of the circuit court is reversed with directions to enter a new judgment remanding the case to the board for further proceedings consistent with this opinion.

All concur.