DOMINIC CRUSO *vs.* YELLOW CAB COMPANY OF PROVIDENCE.

JULY 15, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

BAKER, J.  This is an original petition for compensation brought by an employee against his employer under the provisions of the workmen's compensation act, general laws 1938, chapter 300.  From the entry of a decree in the superior court denying and dismissing the petition an appeal to this court was duly taken by the petitioner.

He alleged in his petition that he was a cab driver for the respondent company; that on March 23, 1952 he received an injury arising out of and in the course of his employment because of "Continuous jarring and bounding around while shifting clutch and driving cabs" and that such injury was a "low back injury with radiation of pain into the left leg."  The decree appealed from contained the following findings: "1. The petitioner sustained a compensable injury in 1949, said injury being to his back. 2. The petitioner was, in 1949, incapacitated from work as a result of such back injury, for a period of one week.  3. That the incapacity commencing on March 23, 1952 is the result of the injury sustained in 1949.  4. That the petitioner has failed to file his claim for workmen's compensation within the period prescribed by the Workmen's Compensation Act (Article III, Section 17)."

The parties are in conflict as to whether there is any legal evidence to support such findings.  It is provided by statute that the decree entered in a case of this nature shall contain findings of fact which in the absence of fraud shall be conclusive.  G. L. 1938, chap. 300, art. III, §6.  No question of fraud is raised here.  In reference to that statute this court has repeatedly held that if there is any legal evidence to support such findings they become conclusive.  Furthermore the burden is upon petitioner to prove his case by credible evidence of probative force.  *Jillson* v. *Ross*, 38 R. I. 145; *Reynolds* v. *Freemasons Hall Co.*, 60 R. I. 343; *Parmentier* v. *Moore Fabric Co.*, 71 R. I. 369.

The evidence shows that petitioner worked for respondent as a cab driver from 1945 until March 23, 1952.  For

several years he operated an old cab the driver's seat of which was defective, nonadjustable and had to be jacked up with bricks so that petitioner could satisfactorily reach the clutch and brake when driving. Subsequent to 1950 he operated a newer cab the driver's seat of which was adjustable. There was evidence that in 1949 petitioner had trouble with his back. On that occasion he was out of work for a week during which period he was paid no wages. At that time he did not receive any medical attention and the testimony respecting that occurrence is somewhat conflicting.

It also appears that on March 23, 1952 while working he developed pain in his lower back which increased in severity and extended into his left leg. This is the injury set out in his present petition. He was unable to work the next day, remained in bed for about a week and was attended by a doctor. He was not working when this petition was heard. After the injury of March 23 he was also examined by a physician employed by respondent. It is not disputed that at the time of trial petitioner was probably suffering from a herniated intervertebral disc of the lumbar spine and was totally incapacitated.

The instant petition was filed May 1, 1952 which is within two years from the occurrence of March 23, 1952 but is more than two years after the back injury suffered by petitioner in 1949. General laws 1938, chap. 300, art. III, §17, provides: "An employee's claim for compensation under this chapter shall be barred unless an agreement or a petition, as provided in this article, shall be filed within 2 years after the occurrence of the injury * * *." No agreement between petitioner and respondent was ever signed or filed. In construing the above section this court in *Rosa* v. *George A. Fuller Co.*, 74 R. I. 215, 226, stated: "* * * we must hold that an employee who has received an injury by accident, which does not incapacitate him from earning full wages for at least three days and which is not of the

specific kind that is specially compensable under art. II, §12, has no cause of action against his employer unless and until his injury thereafter results in such incapacity, at which time the period of two years within which he is required by art. III, §17, to file an agreement or a petition for compensation begins to run."

The first three findings of fact may be considered together and the decision thereon will determine the correctness of the fourth finding. In passing on the question of whether there is legal evidence to support such findings this court in *Barker* v. *Narragansett Racing Ass'n Inc.*, 65 R. I. 489, 495, has stated the law to be as follows: "If a justice of the superior court determines the above-mentioned issues upon inferences reasonably to be drawn from the evidence, then his findings on such issues are conclusive upon us, even though we might think that different inferences should have been drawn. Power to determine questions of fact is placed solely in the superior court by the workmen's compensation act. We will examine the evidence in compensation cases to determine only whether or not the findings of fact by a justice of that court are supported by legally competent evidence, direct, circumstantial, or by reasonable inference."

There is no medical testimony regarding petitioner's condition when he was out of work for a week in 1949 because no doctor treated him at that time. The trial justice of necessity was compelled to weigh the testimony of petitioner, his wife and his mother-in-law as to what happened on that occasion and to draw such inferences therefrom as appeared reasonable. At the hearing in the superior court petitioner testified positively that in 1949 he merely had a cold in his back for which a plaster was applied. This relieved the stiffness and backache in a few days but he stayed at home in bed for the remainder of the week. However, it appeared from the testimony of the stenographer who reported the hearing in this cause in the department of labor that petitioner testified that in 1949

while driving he had almost the same attack that he had in 1952; that on the earlier date he was out about a week; and that the pain gradually diminished whereupon he resumed his work. He also testified at such hearing that the back trouble in 1949 was at the same place and of the same nature as that from which he was then suffering. In referring to the above conflicting testimony presented by petitioner the trial justice in his rescript made the following comment: "The character of these contradictions is such as to preclude concluding that they resulted from mere inadvertence and, in this Court's opinion, have a substantial adverse effect upon the petitioner's credibility."

Conflicting testimony bearing upon the material issues herein was also given by two physicians. Dr. Vincent Zecchino, an orthopedic surgeon, who examined petitioner April 25, 1952 at the suggestion of his personal physician, testified that he received from petitioner a history to the effect that in 1949 he had a fever and a cold in his back causing stiffness and soreness therein from which he made a fairly quick recovery; that between such occurrence and March 23, 1952 he had no trouble with his back; that no reference was made to any pain in his leg; and that on that history the doctor concluded the injuries of 1949 and 1952 respectively were of different types and were entirely unrelated. It was his opinion that if petitioner had suffered a disc injury in 1949 pain and discomfort would have recurred between that date and 1952. However, as the trial justice pointed out, the doctor's opinions were based on the history given by petitioner and their weight depended upon the credibility accorded the latter's testimony.

On behalf of the respondent, Dr. Edmund B. Curran, a surgeon familiar with orthopedic matters, examined petitioner May 13, 1952 and received from him a history of the complaints. The doctor testified that in his opinion petitioner's injury was not caused by driving a taxicab or by reaching for the clutch or brake with his legs; that

getting in and out of a cab frequently would not be likely to cause a ruptured disc, although lifting heavy bags and putting them in a cab might possibly cause such condition; and that driving the cab would in a sense be good therapy similar to a neurosurgeon's treatment for a herniated disc. He further testified that in his opinion the disc was ruptured in 1949 and remained quiescent until March 23, 1952 when it totally incapacitated petitioner from working, and he specifically disagreed with Dr. Zecchino's opinion which indicated that the disc resulted from the injury of 1952 rather than that of 1949.

From the conflicting and at times somewhat inexplicit evidence it became necessary for the trial justice to pass upon the credibility of the witnesses, weigh the evidence, draw from it such inferences as appeared to him reasonable and make his findings of fact on the material issues raised. Such findings of fact are set out in the decree appealed from. Our duty is to determine whether they are supported by any legal evidence. As heretofore pointed out, it is settled that the inferences drawn by the trial justice from all the evidence must be reasonable. If so we do not disturb them. The issue, however, is not whether this court would necessarily draw similar inferences or whether the weight thereof was in favor of one or the other party. We have given the evidence, which we do not weigh, careful consideration. In our judgment we cannot say that in the circumstances the inferences drawn by the trial justice from the evidence are unreasonable and based merely on conjecture. There being legal evidence therefore to support his findings they become conclusive.

The petitioner, however, has called to our attention the following cases which he claims uphold his contentions and are applicable: *Paplauskas* v. *Reynolds Machinery Co.*, 71 R. I. 297; *Bucci* v. *H. P. Hood & Sons, Inc.*, 75 R. I. 8; *Larkin* v. *George A. Fuller Co.*, 76 R. I. 395; *Shea* v. *Gamco, Inc.*, 81 R. I. 12, 98 A.2d 864. We have examined those cases and

are of the opinion that they are distinguishable from the present case. In the *Paplauskas* case the evidence was *uncontradicted* and this court found that the conclusion of the trial justice on a finding of fact was conjectural and was not based on any reasonable inference fairly drawn from the evidence. That is not the situation here. The *Bucci* case dealt with an alleged aggravation or recurrence of a previous back injury specifically so described in the petition. However, petitioner lost no time or pay by reason of the earlier injury which resulted in no incapacity or diminution of his earning power. In the instant case the petition sets out no claim of aggravation of an earlier injury but is based solely on the injury of March 23, 1952.

In the *Larkin* case a claim for specific compensation was involved. It was held that the evidence sustained a finding that petitioner's arm had been rendered stiff so as to be useless from October 5, 1948 as the result of an accident April 15, 1944, and that under the law as stated in *Rosa* v. *George A. Fuller Co., supra,* his claim was not barred by the two-year statutory requirement respecting the filing of his petition. The principal question raised in the *Shea* case concerned the petitioner's claim of an estoppel *in pais* arising from respondent's conduct and silence in connection with the giving of notice by petitioner of the accident and the filing of the petition within the time permitted by statute. No such issue was raised by the evidence in this case.

The petitioner also argues that in any event the two-year period for filing a petition should not begin to run here until the nature, seriousness and probable compensable character of petitioner's injury in 1949 were disclosed or became reasonably apparent to him. The rule governing such a case has already been laid down otherwise by this court in the *Rosa* case as hereinbefore set out. In our opinion no good reason has been brought to our attention for changing or modifying that rule.

166

Finally petitioner urges that his injury was occupational under G. L. 1938, chap. 300, art. VIII, §2, item 33, which item was added by public laws 1949, chap. 2254, and therefore the period within which a petition must be brought did not start to run until March 23, 1952, the alleged date of disablement. Art. VIII, §4. We are unable to agree with that contention. Article VIII relates to occupational diseases only. It is our opinion that the article has no application to the circumstances appearing in the present case. A herniated intervertebral disc of the lumbar spine cannot reasonably be considered a "disease," giving that term its ordinary and usual meaning as apparently was the legislative intent.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*George C. Berk,* for petitioner.

*Haslam, Arnold, Anderson & Mullen, Charles H. Anderson,* for respondent.