JOHNSON, District Court Judge.
By petition for writ of certiorari, we are called upon to review an order of the Florida Industrial Commission affirming the order of a deputy commissioner who had found, inter alia, that claimant in a workman’s compensation case, namely: James Taylor, was entitled to compensation for permanent total disability, and allowing and fixing the amount of attorneys fee for claimant’s attorney. The rate of compensation was not in dispute, but the percentage of disability was.
As was the question before this court in Johnny’s Welding Shop v. Eagen, (Fla.1962) 143 So.2d 470, the sole point is whether the order of the deputy commissioner was supported by competent substantial evidence which accorded with logic and reason.
The respondent Taylor suffered an injury on March 15, 1960, when his foot *15 slipped and he fell backwards from his truck (of which he was the driver) and struck the ground on his back. September 6, 1960, the deputy commissioner, as a result of a preliminary hearing, at which it was stipulated between counsel that the claimant sustained an injury by accident which arose out of and in the course of his employment, and that his average weekly wage was $67.06, entered his order finding that the injury complained of rendered the claimant temporarily totally disabled and ordered payment accordingly. In said order, it was also provided that when the question of permanent disability was ready for final hearing, counsel would make application therefor, and if attorney’s fee was found to be due, that the matter of determining what a reasonable fee would be, would be left up to the discretion of the deputy commissioner. All of this was as contained in the stipulation of counsel.
Payments were made pursuant to the above order until- August 14, 1962, when payments were reduced to a basis of 15% permanent partial disability. April 1962, counsel for claimant requested hearing before the deputy commissioner and a hearing was held August 24, 1962 and another hearing had on December 11, 1962, and the deputy commissioner on December 17, 1962 ordered further treatment of the claimant. Request for modification of the September 6, 1960 order and the one of December 17, 1962, was filed by the employer and insurance carrier, on October 9, 1963. Thereafter on October 22, 1963, an extensive hearing was had before the deputy commissioner at which both expert medical and psychiatrical witnesses and lay witnesses testified, in addition to the claimant. One unrefuted statement of the psychiatrist as to the condition of claimant prior to the accident, in answer to the question “Is that a pre-existing disease?” was “Not disease, sir. It’s a, it’s a nature of being.”
The last statement of the doctor becomes important in this case, because it takes claimant’s case from under Section 440.02 (19) F.S.A.
On November 29, 1963, the deputy commissioner entered his order in which he details at length a resume of the testimony and his analyzation thereof, along with his findings, which order, inter alia, found the claimant entitled to be paid permanent total disability from December 11, 1962 at $40.24 per week, temporary total disability compensation from August 14, 1962 to December 11, 1962 at the rate' of $40.24 per week, with credit for any payment made subsequent to August 14, 1962, and awarded an attorney fee of $5200.00 to claimant’s attorney. Before appeal could be entered the Insurance carrier paid the claimant $563.36, and claimant’s attorney the $5200.00 awarded. These payments were later claimed to have been made through mistake, as an appeal was to be taken, and a motion was made to the Full' Commission to compel a return of said funds.
After hearing on the application for review by the Full Commission, the Commission entered its order of February 24, 1965, wherein it denied claimant’s motion to dismiss the employer’s application review, the employer’s and carrier’s motion to strike claimant’s motion to dismiss and the motion to compel, and affirmed the order of deputy commissioner of November 29, 1963. Attorney’s fee of $300 was awarded claimant’s attorney for his services in the review. The Commission, in its order of February 24, 1965, made a comprehensive review of the testimony and evaluated the same in the light of the deputy commissioner’s evaluation and the applicable statutes and related court decisions,[1] as well as having given due and proper consideration to the briefs and oral arguments of counsel, and found that the deputy was correct in his finding that there was no pre-existing “disease” within the meaning of Section *16 440.02(19) F.S.A. and that the findings of other facts by the deputy commissioner were “supported by competent substantial evidence, which accords with logic and reason.” One member of the commission dissented.
We can find no quarrel with the deputy commissioner’s orders nor with the order of the Commission affirming the deputy’s order. It is apparent from the lengthy order of the Commission, and its evaluation of the evidence, that the respondent commission was not substituting its review of the evidence for that of the deputy, nor was it accepting the deputy’s evaluation without placing its own evaluation thereon and applying it to the Statutes.
There were some conflicts in the testimony between the doctors and the claimant as to the extent of disability and cause thereof, but it is clear that the deputy commissioner placed a careful evaluation thereon and accepted the view he thought was most applicable to the claimant’s physicial condition. He recognized a certain exaggeration of his symptoms by the claimant; but still found that claimant “has an orthopedic, as well as a psychiatric disability, the combination of which to all intents and purposes excludes him entirely from the competitive labor market.”
The deputy commissioner is charged with the duty and responsibility of ascertaining the facts through hearings, making his findings thereof, and of entering the compensation order. After this has been done by the deputy, and a review is requested, the Full Commission should adhere to the findings of fact so made by the deputy unless there is no competent substantial evidence to sustain them.[2] We find in the instant case sufficient competent, substantial evidence to support the findings of fact made by the deputy, as affirmed by the Commission, and we see no abuse of discretion as to the attorney’s fee.
Therefore it is our judgment that the order of the Commission under review should be affirmed and the petition for writ of certiorari denied.
It is so ordered.
THORNAL, C. J., and DREW, O’CON-NELL and HOBSON (Ret.), JJ., concur.

. Cruso v. Yellow Cab Co. of Providence, 82 R.I. 158, 106 A.2d 734; Nuyen v. United States Foundry Corp., 342 Mich. 70, 09 N.W.2d 174.

. United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741.