**ASHLAND CRAFTS, INC., Appellant,**

**v.**

**Sarah K. YOUNG, Workmen's Compensation Board and John W. Young, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellees.**

Court of Appeals of Kentucky.

March 13, 1970.

Howard VanAntwerp, III, Caldwell, VanAntwerp, Welch & Hughes, Ashland, for appellant.

Stanley R. Hogg, Creech & Hogg, Ashland, Michael J. Leatherman, Dept. of Labor, J. Keller Whitaker, Workmen's Compensation Bd., Frankfort, for appellees.

OSBORNE, Judge.

This is a workmen's compensation case. The only question before this court is who is liable for the payments to the employee. The Board found Mrs. Young to be suffering from the occupational disease of byssinosis, a form of pneumoconiosis caused by the inhalation of cotton fibers, and awarded her one-year temporary total benefits and 60% permanent partial benefits. The Board apportioned the permanent partial 60% against the employer, and 40% against the Special Fund under KRS 342.-316, and awarded all of the temporary total against the employer.

The employer appealed to the circuit court contesting the award, claiming that the Special Fund should pay 40% of the temporary total and claiming that the Special Fund should pay all the permanent partial under KRS 342.120. The circuit court modified the award to provide that the Special Fund should pay 40% of the temporary total. The Special Fund does not challenge this ruling. The employer then brought this appeal. However, he has dropped his objections against the award in favor of the employee. The only issue is whether the Board properly assessed the permanent partial under KRS 342.316 or whether it should have all been levied against the Special Fund as a matter of law under KRS 342.120.

The Board found that Mrs. Young suffered from byssinosis, an occupational disease. KRS 342.316(13) (a) provides that under the circumstances presented here (when disease developed to point of disablement only after an exposure of five or more years and when disease was proven to be the result of the last exposure) the employer shall pay 60% and the Special Fund 40%.

The employer does not contend that this section does not apply. However, he seeks to show that KRS 342.120 also applies. This section provides in part that when an employee with a dormant non-disabling dis-

ease condition has suffered a subsequent compensable injury or accident or has developed an occupational disease, the Special Fund shall pay the amount by which the combined disability is greater than the disability from the subsequent injury had there been no pre-existing dormant non-disabling disease condition.

Appellant then points to the testimony of two of the doctors that Mrs. Young would not have developed byssinosis if she had not had "a pre-existing dormant allergic condition or hypersensitivity to cotton fibers." He argues that this was a dormant non-disabling disease condition and that if she had not had this pre-existing disease condition she would not be disabled at all. He therefore argues that the Special Fund is liable for the total recovery.

We do not agree. A close reading of the testimony of the doctors indicates that what they were saying was—most clothing factory employees don't develop this condition; she did, therefore, she must have been hypersensitive. The fact that they answered questions using the magic words "dormant non-disabling disease condition" in describing this idea does not raise this imputed condition to the category of a disease condition. In fact, allergy tests on Mrs. Young after she quit work did not even reveal a skin reaction to cotton.

Furthermore, the first clause of KRS 342.120(3) requires that "a subsequent compensable * * * occupational disease has resulted * * *." Under appellant's theory no subsequent occupational disease has resulted. But rather Mrs. Young is suffering from aggravation of a condition she previously had though it was not known or knowable. This is not the situation contemplated by KRS 342.120. The Board properly applied the provisions of KRS 342.316.

Judgment affirmed.

All concur.