**KENTUCKY CONVALESCENT HOME, et al., Appellants,**

v.

**Glenda Faye HENRY, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 12, 1971.

------◆------

Ronald M. Sullivan, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellants.

Richard Robertson, Robertson & Robertson, Owensboro, Gemma Harding, Dept. of Labor, Louisville, for appellees.

REED, Judge.

Appellee, Glenda Faye Henry, a 26-year-old woman, 5'2" in height and 230 pounds in weight, was awarded workmen's compensation benefits for total and permanent disability against her employer, Kentucky Convalescent Home, for a work-connected injury.

KRS 342.120(1) (b) provides that if an employee is found to have a "dormant non-disabling disease condition" which was "aroused or brought into disabling reality" by reason of a subsequent compensable injury by accident, then liability for payment of compensation for the resulting disability is apportionable between the employer and the Special Fund. In this case, the employer asserts that the employees' obesity was a dormant, nondisabling disease condition which was aroused or brought into disabling reality by a work-connected injury; hence, part of the liability for compensation benefits is allocable to the Fund.

After first finding that obesity was not a disease, the Workmen's Compensation Board found upon remand by the circuit court that the employee's obesity was a dormant, nondisabling disease condition, but that it was not aroused or brought into disabling reality by reason of the compensable injury. The employee is admittedly permanently and totally disabled for compensation purposes. The only issue on this appeal concerns the allocability of liability for payment of benefits between the employer and the Special Fund. The Board concluded that the employer was solely liable for payment of the entire award. The circuit court on the second appeal to it upheld the Board's determination. We affirm the disposition made by the Board.

Mrs. Henry has weighed some 230 pounds since she was 18 years old. She is now about 30 years old. She is at least 100 pounds overweight and has been unable to alter her obese condition by either diet or medication. In August 1967, while she was working in the nursing home operated by her employer she hurt her back moving a patient. This injury caused a ruptured intervertebral disc. She was subjected to surgery for removal of the disc and after recovery from surgery attempted to resume light work. She had a recurrence of symptoms; this resulted in her rehospitalization, and she has not been able to work since.

In April 1969, the Workmen's Compensation Board found that Mrs. Henry sustained a compensable work-connected injury which had caused permanent and total disability. Compensation benefits were declared payable by her employer and the Special Fund was discharged from liability. The Board stated it was "inconceivable" that obesity was a disease condition

per se. The employer appealed this determination to the circuit court. The circuit court upheld the Board's finding of permanent and total disability, but held that the question of whether obesity is a "dormant nondisabling disease condition" within the meaning of KRS 342.120(1) (b) should be referred to a Board-appointed physician for findings and report. (KRS 342.121). The circuit court's direction to the Board also provided that if the employee's condition of obesity was medically characterized within the definition of "disease," then the Board should "cause the physician to make specific findings on the determinative essential factors which require apportionment of disability among various parties under KRS 342.120." The circuit court's judgment was not appealed and became final.

Upon this remand, the Board undertook to comply with the direction of the circuit court; it appointed a physician pursuant to KRS 342.121. This physician examined Mrs. Henry and filed a written report with the Board which concluded with the statement: "I do not consider her obesity to be a disease in the ordinary sense of the word." The employer filed specific objections to the physician's report and was permitted to take his deposition.

The Board-appointed physician's testimony was in substance to the effect that although obesity falls within the expansive definition of the word "disease" as that word is defined in some medical texts,[1] the doctor did not consider obesity to be a disease in the ordinary and general understanding of the term. The Board-appointed physician also was very positive in his repeated statements that obesity itself was not a disease condition that could be aroused by trauma or injury.

Certainly in ordinary usage and in common understanding obesity is understood to mean fatness. It is difficult to imagine how a determined amount of fat can be "aroused" or "brought into disabling reality." If we proceed from the premise that obesity is the quality or state of being very fat or corpulent, and since the evidence established that the employee's obesity was in the same state after the injury as it was before the injury, then we must conclude that despite the injury the same amount of the inert substance called fat existed after the injury as was present before. Common human experience demonstrates that the presence of fat can and does accentuate the consequences of injury in given situations, but the same experience also establishes that the same accentuation of ordinarily expectable consequences of injury may be caused by general bone structure or body frame or stature.

The Board on its reconsideration of the case as directed by the circuit court found that Mrs. Henry's obesity was a pre-existing dormant nondisabling disease condition within the meaning of KRS 342.120, but that it was not aroused into disabling reality by the work-connected injury. The Board again discharged the Fund from liability.

The employer would have us narrowly construe the contents and scope of the circuit court's remand order to the Board. The argument is that the circuit court's order confined the Board to determining (a) whether obesity was medically characterized as a disease and (b) if obesity was so medically characterized, to apportion the liability between the employer and the Fund. When we consider the circuit court's remand order in its entirety, we cannot place the narrow construction for which the employer contends. The remand order actually directed the Board to determine from proper evidence whether obesity is a dormant, nondisabling disease con-

1. These text definitions were used in cross-examination of the Board-appointed physician. They amount to regarding the word "disease" to mean any departure from health.

dition within the meaning of KRS 342.120 (1) (b), and further directed that if obesity is such a disease condition, the additional specific findings concerning the other statutory requisites for allocation of liability to the Fund be made.

The Board-appointed physician's evidence established that obesity in and of itself did not connote to him the concept of disease. His evidence also established that in his experience the condition of obesity in and of itself could not be aroused or brought into disabling reality by injury or accident. The other medical evidence in the record was, in essence, to the effect that obesity fits the broad definition of the word "disease" as used in some medical texts. See Appalachian Regional Hospitals, Inc. v. Brown, Ky., 463 S.W.2d 323, and Young v. Young, Ky., 463 S.W.2d 326. (Both cases decided today).

If fatness is not aroused but remains in an inert but observable state before and after an injury, then it is indeed difficult to conclude that this condition in and of itself is a "dormant" one as that term is used in KRS 342.120(1) (b). It is our conclusion that the Board and the circuit court properly imposed upon the employer the liability to pay the compensation benefits for the work-connected injury which resulted. We recognize that the consequences of injury to a fat employee may well produce more disability than the same injury would cause in a thin employee. We are unwilling to say, however, that the fatness present in and of itself is a "dormant, nondisabling disease aroused or brought into disabling reality" as those words are used in the context of the statute which provides when an employer may shift to the Fund part of the liability for the payment of compensation benefits for a compensable injury.

The judgment is affirmed.

All concur.