**John W. YOUNG, Commissioner, etc.,
Appellant,**

v.

**Jarrel Edwin LONG, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 12, 1971.

Martin Glazer, Frankfort, Gemma M. Harding, Louisville, for appellant.

Harris J. Berman, Louisville, for Jarrel Edwin Long.

William Mellor, Mellor & Shaw, Louisville, for the Marley Co. and the Employers Insurance of Wausau.

CLAY, Commissioner.

This is a workmen's compensation case. The employee, age 21, sustained a low-back

injury and admittedly is 100% disabled. However, part of his disability is due to a preexisting degenerating lumbar disc condition, referred to in the medical evidence as "spondylosis".

The controversy here is narrowly limited to the question of whether the prior dormant, nondisabling condition properly may be characterized a "disease". The Special Fund was made a party, and under KRS 342.120(1) (b) liability should be apportioned between it and the employer if the condition, which admittedly contributed to the ultimate disability, was a "disease". The Workmen's Compensation Board found that it was not and directed the payment of the award by the employer. On appeal to the circuit court it was determined that the medical proof established this condition was a disease, and the judgment remanded the case to the Board to make a proper apportionment between the employer and the Special Fund. The Special Fund is the appellant here.

Two doctors testified with respect to the pre-existing degenerative disc condition. Dr. Hargadon described it as a "defect". Dr. Fisher categorically stated that "it was a dormant nondisabling disease condition". However, when questioned about the cause, he stated it was the result of "stress and strain in the past and sometimes people have this congenital weakness". He also attributed the development to "the aging process". When pressed as to whether this condition properly should be characterized a disease, subjecting the Special Fund to liability, his answer indicated a policy view that contributing causes generally justified apportionment. He concluded:

"* * * I think it's a very good thing to attribute some of the disability in these cases to a previous existing diseased contion which was non-disabling and non-symptomatic because it was there and all you'd need to have would be the inciting cause."

Of course the desirability of tracing pre-existing causes does not justify labeling them all "diseases". The Board took the view that even though the condition was described by Dr. Fisher as a "disease", it properly could not be so classified within the meaning of KRS 432.120(1) (b). The Board's opinion recites:

"Neither stress and strain nor a congenital weakness can be classified as a 'disease' within the meaning of KRS 342.120(1) (b)."

We are in a difficult area here because we have a question of law involving the construction of statutory language and a question of fact involving the analysis of medical proof. It is clear in KRS 342.120 (1) (b) that the legislature intended to limit the Special Fund's liability for arousal of a dormant, nondisabling condition to such a condition as properly could be characterized a "disease". Since this term is not defined by statute, it is our opinion that we should approach as closely as possible its commonly understood meaning.

In Young v. Bear Branch Coal Company, Ky., 434 S.W.2d 656 (1968), we said that the question was *primarily* a medical one. However, the court's interpretive function and the Board's fact-finding power would be emasculated if the court and the Board were conclusively bound by a doctor's characterization of a pre-existing, dormant, nondisabling *abnormality* as a "disease". The problem must be otherwise resolved when the medical experts do not agree on this classification and such classification is contrary to common understanding. Perhaps under dictionary definitions (whether lay or medical) *any* departure from the normal state of health could be broadly characterized a disease, but in interpreting the statute we are convinced the legislature did not use the term in that sense. In Ashland Crafts, Inc. v. Young, Ky., 451 S.W.2d 607 (1970), we stated that even though doctors use the "magic" words "dormant non-disabling disease condition", this does not necessarily put the condition in that category.

In Brown v. Gregory, Ky., 398 S.W.2d 710 (1966), we expressed doubt that a degenerative disc condition could be called a disease. We resolved this doubt in Young v. City Bus Company, Ky., 450 S.W.2d 510 at page 514 (1970), wherein we stated:

"We are of the opinion that a dormant, nondisabling, pre-existing degenerative disc in itself is not a disease condition for which the Special Fund is liable under KRS 342.120."

The Supreme Court of Rhode Island took a similar view in Cruso v. Yellow Cab Co. of Providence, 82 R.I. 158, 106 A.2d 734, 739 (1954), in finding:

"A herniated intervertebral disc of the lumbar spine cannot reasonably be considered a 'disease,' giving that term its ordinary and usual meaning as apparently was the legislative intent."

It might appear at first blush that Cabe v. Splash Dam By-Products Coal Corporation, Ky., 416 S.W.2d 361 (1967), is inconsistent with such a determination, but in that case the principal issue was whether a pre-existing condition contributed to the ultimate disability, and we did not attempt (because the question was not squarely presented) to distinguish between a pre-existing "condition", "disability" and "disease".

As a matter of law we have determined that a pre-existing condition such as shown to exist in the present case is not in itself within the category of a "disease condition" contemplated by the legislature. The medical evidence established that it was either of congenital origin or developed through normal stresses and strains (which could be traumatic) in the aging process. In common usage or understanding we do not think such condition falls within the scope of a "disease condition" contemplated by KRS 342.120(1) (b).

The Board reached the same conclusion as a finding of fact. It could not have done otherwise under the proof in this record. In the City Bus Company case we were careful to note that a degenerated disc may be a manifestation of a disease or may cause a disease. With different medical proof in this case, or in other cases where technical classifications may not conform to common usage, the Board would have a fact-finding function to determine if a pre-existing condition properly could be characterized a "disease" in the light of our construction of the statute.

Attention is called to two related cases this day decided, Kentucky Convalescent Home v. Henry, Ky., 463 S.W.2d 328, and Appalachian Regional Hospitals, Inc. v. Brown, Ky., 463 S.W.2d 323.

The judgment is reversed, with directions to reinstate the award of the Workmen's Compensation Board.

All concur.