**John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, etc., Appellant,**

v.

**KENTLAND–ELKHORN COAL CORPORATION et al., Appellees.**

Court of Appeals of Kentucky.

May 14, 1971.

Rehearing Denied Dec. 17, 1971.

Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, Ky., Gemma M. Harding, Dept. of Labor, Louisville, for appellant.

John M. Stephens, Stephens, Combs & Page, Herbert Deskins, Jr., Pikeville, for appellees.

REED, Judge.

In this workmen's compensation case, the board awarded benefits for permanent and total disability to Western Stump, the employee of Kentland-Elkhorn Coal Corporation. The board found liability for the payment of the compensation benefits was exclusively that of the employer. The employer asserted that the liability for payment of benefits should be apportioned equally between it and the Special Fund. The circuit court upheld the board's finding that Stump was permanently and totally disabled, but disagreed with the board's conclusion concerning the apportionability of liability for payment. The circuit court remanded the case to the board with directions to apportion the liability for payment equally between the employer and the Fund. The Fund appeals that judgment to this court. We reverse.

Stump, a 30-year-old laborer in the coal mines, sustained three separate injuries to his low back area. He filed three separate claims for compensation, which were consolidated for the purpose of hearing and disposition. The Special Fund was made a party to the proceedings and a physician

was appointed pursuant to KRS 342.121. The board-appointed physician reported that Stump had pre-existing dorsal epiphysitis, an increased lordosis, and downward shifting of the lower lumbar facets. A functional impairment rating of 20 percent was assigned to this condition. The subsequent injury component was assessed at 20 percent functional impairment; the injured employee was reported to be 40 percent functionally impaired. The other medical evidence was to the effect that Stump had a herniated lumbar disc with chronic residues of previous acute lumbrosacral muscle sprains. The physicians used alternately the word "disease" or the words "nondisabling disorders" to characterize the pre-existing condition. The board sustained the Fund's specific exception to the appointed physician's report; this exception asserted that the pre-existing nondisabling condition was not caused by disease.

In Young v. City Bus Company, Ky., 450 S.W.2d 510 (1969), we followed our holding in Young v. Bear Branch Coal Company, Ky., 434 S.W.2d 656 (1968), in which we had categorically held that a pre-existing nondisabling condition must be caused by disease before liability is apportionable to the Special Fund. We also adopted the specific previous expression in Brown v. Gregory, Ky., 398 S.W.2d 710 (1966), that a nondisabling degenerative condition such as a degenerative disc, which is due to normal aging processes, is not the type of condition intended to be covered by KRS 342.120 (wherein partial liability is imposed upon the Fund). We expressed the view that we were unable to discern any legislative intent that the Special Fund should be made liable for a person's aging process or for normal wear and tear. These expressions were neither novel nor without precedent. Perhaps they accomplish unsatisfactory results to some insurers of employers in individual instances but they represent an insistence upon the observance of legislatively used language. If the contesting interests in the compensation field persuade the legislature to adopt a different approach to the apportionability of pre-existing nondisabling physical conditions, we will just as insistently apply the legislative directive.

The employer characterizes a statement in the City Bus opinion as a "basic fallacy." The employer urges that regardless of the outcome of this particular case the questioned statement be disapproved. The statement is: "*If* industry takes a man as it finds him, *then* the employer should bear the risk in such situations and not the Special Fund." The difficulty with the employer's complaint is that the questioned statement must be read in the context in which it was used. Although it is true that industry does not take a previously *disabled* worker as it finds him because of the apportionability provisions of our compensation law and although it is true that industry does not take a previously *nondisabled worker* who is suffering from a latent, dormant condition caused by *disease* as it finds him, there is nothing in the compensation law or in the cases construing it that militates against the proposition that industry takes the worker as it finds him where an industrial accident is accentuated in its normal consequences by the existence of a latent condition not caused by disease. Therefore, we are unable to discern the fallacy in the questioned statement in the City Bus case when that statement is considered in the context in which it was written.

The medical evidence in the instant case was, in our view, legitimately susceptible to interpretation by the board that the pre-existing condition was merely resultant irritation from a herniated disc. It seems to us that the employer had the burden of persuading the board that a preexisting condition caused by disease rather than a mere degenerative condition due to aging and wear and tear was present. One of the physicians described the condition in alternative terms: "disorder or disease"; another physician merely characterized the condition as "disease"; this does not necessarily raise the condition to the category. See Young v. Long, Ky., 463 S.W.2d 326 (1971); Ashland Crafts, Inc. v. Young,

Ky., 451 S.W.2d 607, 608 (1970); Appalachian Regional Hospitals v. Brown, Ky., 463 S.W.2d 323 (1971); Young, Commissioner v. James Allen Monroe, Middletown Manufacturing Company, et al., Ky., 466 S.W.2d 452 (decided April 30, 1971).

Upon the basis of this record, we find the board's conclusion that the pre-existing condition was not caused by disease in the sense that word is used in the apportionment statute is supportable. According to the medical evidence, the basic cause of the condition was a herniated disc. While we cannot practice medicine, physicians and employers cannot unilaterally interpret statutes. In this instance, the record is devoid of any attempt to explain the character of the previous condition other than to merely characterize it by a conclusionary category; moreover, in several instances the characterization is in alternative terms. There is no attempt in the evidence to explain how it differed from an injury or a degenerative process caused by aging or a congenital anomaly.

The judgment is reversed with directions to enter a new judgment confirming the board's award in all particulars.

All concur.