John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,

v.

SOUTH–EAST COAL COMPANY, Inc. and Floyd Roberts and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

June 18, 1971.

Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellant.

William A. Rice, Gayle G. Huff, Rice & Huff, Harlan, F. Byrd Hogg, Hogg & Cornett, Whitesburg, for appellees.

REED, Judge.

In this workmen's compensation case we are again confronted with the issue concerning the liability of the Special Fund

where a pre-existing bodily condition has accentuated the consequences of an industrial injury.

Floyd Roberts, a 56-year-old coal miner, was injured in the course of his occupation while lifting steel rails. The evidence established and the Workmen's Compensation Board found that Roberts was permanently and totally disabled. There is no dispute about that. The Board determined that 90 per cent of the disability was due to the traumatic arousal of a dormant, pre-existing, nondisabling disease and that 10 per cent of the disability was due to the injury alone. The Board apportioned liability for compensation benefits between the Fund and the employer in accordance with this determination. The Fund appealed to the circuit court; that court upheld the decision of the Board. The Fund then appealed to this court. We reverse the circuit court.

 Roberts' injury was to his lower back. The pertinent medical evidence, including the findings of a physician appointed by the Board, may be briefly summarized in this manner: Some of the medical testimony was to the effect that the pre-existing condition consisted solely of a degenerative disc. Other medical testimony found a pre-existing condition described as spondylolisthesis. Some medical evidence indicated the presence of hypertrophic or degenerative osteo-arthritic lipping. A congenital condition called lordosis was found by one of the physicians. Although one physician found the presence of a condition called osteoporosis, he was of the opinion that it had no effect on the claimant. We conclude that the Board's finding concerning the arousal of a pre-existing condition caused by disease is clearly erroneous. There is no substantial evidence to support this finding. In Young v. City Bus Company, Ky., 450 S.W.2d 510, we held that a pre-existing degenerative disc in itself is not a disease for which the Special Fund is liable under the apportionment statute (KRS 342.120). The fact that a physician characterized it as a disease does not raise the condition to the required category. John W. Young, Commissioner of Labor of the Commonwealth of Kentucky, etc. v. Kentland-Elkhorn Coal Corporation et al., Ky., (decided May 14, 1971). Spondylolisthesis is not in itself a disease condition under our decisions in Young v. Long, Ky., 463 S.W.2d 326, and Appalachian Regional Hospitals, Inc. v. Brown, Ky., 463 S.W.2d 323. Hypertrophic or osteo-arthritic lipping is a degenerative condition stemming from the aging process and as such it falls within the same category as the degenerative disc condition encountered in Young v. City Bus Company, Ky., 450 S.W.2d 510. See Central Uniform Rentals et al. v. Richburg, Ky., 468 S.W.2d 268 (decided June 11, 1971). The remaining condition called osteoporsis had no effect upon the claimant according to the only medical evidence introduced concerning it and hence its arousal could not have been a factor in the resulting disability.

The whole point is that all of the various conditions described, some of which were found present by one medical witness but absent by other medical witnesses, were, in any event, either congenital conditions or part of the wear and tear process caused by aging. Therefore, the Board's finding that 90 per cent of Roberts' resulting disability was due to the arousal of a pre-existing "disease" condition as that term is used in the apportionment statute was clearly erroneous. The Board should have made the award for the entire liability for Roberts' permanent and total disability against the employer and should have discharged the Fund from any liability by reason of the claim.

The judgment is reversed with directions to enter a new judgment in accordance with this opinion.

All concur.