John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellants,

v.

Willie TACKETT et al., Appellees.

Court of Appeals of Kentucky.

June 18, 1971.

Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellant, Workmen's Compensation Bd.

Gemma Harding, Louisville, for appellant, Special Fund.

Harold Stumbo, Prestonsburg, for appellee, Willie Tackett.

Fred G. Francis, Prestonsburg, for appellees, Betty Ray Coal Co. and Old Republic Ins. Co.

REED, Judge.

This is a workmen's compensation case. The employee, Willie Tackett, a 43-year-old coal miner, injured his low back while lifting slate in his employer's mine. Tackett sustained a compensable injury which rendered him totally and permanently disabled. The Special Fund was brought into the compensation proceedings to determine whether responsibility for part of the liability for payment of compensation benefits should be allocated to the Fund. The Board decided that the Special Fund was not liable under the evidence presented. The circuit court, upon an appeal prosecuted to it by the employer, reversed the Board and by order directed the Board to apportion the award between the Fund and the employer in conformity with the medical report of a physician whom the Board had appointed under KRS 342.121. The Special Fund appealed the judgment of the circuit court to this court. We reverse.

The testimony of three physicians, all of whom were qualified as experts, composes the medical evidence in the case. Dr. Russell Myers, a neurosurgeon, found the injured employee to be 65 percent functionally impaired as the result of a rupture of a lumbosacral disc. He attributed 55 percent of the functional impairment to the arousal of a pre-existing condition of the employee's spine "caused by wear and tear over a long period of time" and 10 per cent to the trauma and injury resulting from the industrial accident. Dr. Marion Brown, an orthopedic surgeon, testified that the employee was totally and permanently disabled to work as a coal miner but gave no evidence on which to base an opinion concerning whether the disability was caused wholly by the injury or by a combination of the injury and the pre-existing condition.

Dr. Armand Fischer, an orthopedic surgeon, was appointed by the Board, pursuant to KRS 342.121, to report on the questions of the extent of the disability and other elements relevant to apportionment of liability between the employer and the Fund. Dr. Fischer found that the employee had a degenerated disc and nerve root pressure on the right side. Dr. Fischer stated that the employee suffered 40 percent partial permanent impairment to the body as a whole and 20 percent or one-half of the functional impairment resulted from the industrial accident. Dr. Fischer used the word "disease" in describing the pre-existing condition of the employee's spine. He ascribed 20 percent partial permanent impairment to the arousal of this pre-existing condition.

Although the Board overruled specific objections to Dr. Fischer's report,

it found that the employee was totally and permanently disabled by the back injury superimposed on a degenerative spinal disc. The Board then relied upon our decision in Young v. City Bus Company, Ky., 450 S. W.2d 510, and held that the degenerative disc condition was not as a matter of law a "disease" condition; therefore, it placed the liability for payment of the award solely upon the employer. The circuit court was evidently of the opinion that Dr. Fischer's use of the word "disease" was binding upon the Board. We disagree. The Board's decision did not contradict or ignore Dr. Fischer's report. The Board had a duty to translate the functional impairment ratings into occupational disability and to apply the requirements of the apportionment statutes to the report.

 The mere fact that a physician uses the word "disease" in characterizing the employee's pre-existing condition does

not necessarily raise the pre-existing condition to that category. Ashland Crafts, Inc. v. Young, Ky., 451 S.W.2d 607, 608. We have delineated the legal and statutory concept of "disease condition" under KRS 342.120 in the recent cases of Young v. Long, Ky., 463 S.W.2d 326; Young v. Kentland-Elkhorn Coal Corporation, Ky., (decided May 14, 1971); Central Uniform Rentals et al. v. Richburg, Ky., 468 S.W.2d 268 (decided June 11, 1971); and Young v. South-East Coal Company, Inc., Ky., 468 S.W.2d 316 (decided June 18, 1971). Under these authorities the Board correctly applied the statute and the circuit court should have affirmed the award.

The judgment is reversed with directions to enter a new judgment upholding the Board's award.

All concur.