**GILES INDUSTRIES, INC., et al.,**
**Appellants,**

v.

**James S. NEAL et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 24, 1971.

William A. Rice, Gayle G. Huff, Rice & Huff, Harlan, for appellants.

Farmer Helton, Pineville, Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, for appellees.

DAVIS, Commissioner.

This is a workmen's compensation proceeding in which the total permanent disability of the claimant is conceded. The controversy relates to whether the entire liability for compensation falls upon the employer and its carrier, or whether a portion of it should be borne by the Special Fund pursuant to KRS 342.120. The Board ordered that the employer should pay the entire award, absolving the Special Fund. The circuit court affirmed; hence, this appeal is taken by the employer and its carrier.

The question presented, as related in the appellants' brief, is as follows:

"Where all of the medical proof establishes that the compensable trauma brought into disabling reality a pre-existing dormant non-disabling spondylolisthesis and that said spondylolisthesis was a genuine disease condition as distinguished from a congenital defect, did the Board err as a matter of law in holding the employer liable for all compensation?"

Neal, age 34, was lifting heavy crates incident to his employment when he experienced a "real big tingle" in his back, which hurt him badly and caused nausea. He has been completely disabled since that episode.

The medical evidence (by the only two physicians who testified) discloses that the lifting incident aroused into disabling reality a preexisting dormant nondisabling condition known as spondylolisthesis. There was medical evidence showing the presence of the condition in claimant's back known as spondylolysis.

One of the doctors, Dr. Thomas Yocum, an orthopedic specialist who has made an extensive study of those conditions, defined them as appears in this excerpt from his deposition:

"The x-rays which I reviewed revealed a spondylolysis which is a defect in the posterior arch of the 5th lumbar vertebra and a first degree spondylolisthesis which is a forward slipping of the 5th vertebra on the first sacral segment."

Learned counsel for appellants takes note of Young v. City Bus Company, Ky., 450 S.W.2d 510; Appalachian Regional Hospitals, Inc. v. Brown, Ky., 463 S.W. 2d 323; Kentucky Convalescent Home v. Henry, Ky., 463 S.W.2d 328; and other recent decisions of this court which have iterated the principle that the word "disease" as used in KRS Chapter 342 means more than "any departure from the normal state of health." In Young v. Long, Ky., 463 S.W.2d 326, it was held that spondylosis is not a "disease" within the meaning of KRS 342.120. In Appalachian Regional Hospitals, Inc. v. Brown, Ky., 463 S.W.2d 323, it was held that spondylolisthesis is not a "disease" within the ambit of the same statute. This view was reaffirmed in

Young v. Monroe, Ky., 466 S.W.2d 452. These and other cases recently decided point out that bodily conditions which are congenital, or produced by the aging process and its normal stresses and strains, are not "disease" conditions within the meaning of KRS 342.120.

Counsel for appellants, candidly conceding that the prospects for it are not bright, urges the court to reconsider and retreat from its interpretation of the statutes respecting the meaning of "disease." The reasoning advanced by appellants' counsel is meaningful and cogent. All of it was considered by the court in reaching the views which have been expressed in the cases already cited. Persuasive arguments often are available on all sides of legal questions. This court has the responsibility for determining which shall prevail. It has opted for the construction which is adverse to that urged for appellants and is not persuaded to alter its course.

But, urge the appellants, the medical testimony in the case at bar differs materially from the medical proof offered in Appalachian Regional Hospitals, Inc. v. Brown, Ky., 463 S.W.2d 323. Hence, it is reasoned, this case is not ruled by Appalachian Regional Hospitals. The basis for this contention is found in the following portion of Dr. Yocum's testimony:

"I became interested in spondylolisthesis and spondylolysis during my 13 years in the navy and did a bit of research on this in an attempt to do just what this deposition is asking me to do —establish a rational approach to a disorder which was not fully understood and is still not fully understood. * * * [T]his disease is a so-called developmental abnormality, that is, it is not discovered in the cadaver of new born children, therefore it is not a congenital anomaly in the strict sense of that word, which means having been born with the disease. * * * It's a fine point, really as to whether it's prenatal or post natal but it has been thoroughly proven that it is post natal."

 It would appear that Dr. Yocum's characterization of the condition as a "developmental abnormality" clearly puts the condition among those which come about by reason of the aging process or natural wear and tear. That being so, the condition is not a "disease" condition within the interpretation of that word heretofore adopted by this court. It follows that the Board and circuit court correctly determined that no liability attached to the Special Fund in these circumstances.

The judgment is affirmed.

All concur.